# Birmingham Belt R. R. Co. *v.* Norris.

## *Damages for Killing Stock.*

(Decided May 24, 1909.   Rehearing denied June 30, 1909.
50 South. 91.)

*Railroads; Killing Stock; Jury Question.*—The evidence in this case stated and examined and held to require a submission to the jury of the question as to whether or not a train operated by the defendant or by another killed the stock.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by F. T. Norris against the Birmingham Belt Railway Company, for damages for killing a horse. Judgment for plaintiff and the defendant appeals. Affirmed.

CAMPBELL & JOHNSTON, for appellant.   It was necessary under the pleading to show that an engine operated by defendant through its servants or agents struck and killed plaintiff's horse, and under the proof the jury were not authorized to assume that it was the engine that belonged to the defendant.—*Tinney v. C. of Ga. Ry. Co.*, 129 Ala. 523.

FRANK S. WHITE & SONS, for appellee.   No brief came to the Reporter.

ANDERSON, J.—It is insisted by counsel for appellant that, while the mare may have been killed by a train on its track, the evidence fails to show that the train that did the killing was a train operated and handled by its servants, as alleged in the complaint; in other words, that the proof did not show what train ran over or against the mare, and that the jury could not infer

that it was the defendant's train simply because the mare was killed by a train on its road, inasmuch as the proof shows that the Seaboard Air Line was also operating trains over defendant's road at the place of the accident. True, there is no direct proof as to what train killed the mare. The plaintiff's witnesses claim that the mare was killed about the 2d of February, while the defendant's witness Dunbar, says that he saw the mare dead and lying near the track at 6:30 a. m., of February 1st and that his was the first engine to go over the trestle that morning, and that his train did not kill her. Therefore there is a probability or inference that she was killed on January 31st. Land, the yardmaster of the Seaboard Air Line, testified that no engine of his company used the defendant's track out of North Birmingham on January 31st. The jury could therefore have inferred from the evidence that the mare was killed on January 31st, and by one of the defendant's trains, and that the Seabord Air Line train did not pass over the track at this point on that day. Of course, there was evidence affording contrary inferences; but it was clearly a question for the jury as to whether or not defendant's train did the killing, and the trial court properly refused the general charge, requested by the defendant.

The judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.