(88 South. 454)

## EMINENT HOUSEHOLD OF COLUMBIAN WOODMEN v. PAYNE. (8 Div. 639.)

(Court of Appeals of Alabama. Nov. 9, 1920.)

1. Insurance ⬅805(1)—Beneficiary not required to submit question to society and appeal to higher tribunals thereof pursuant to by-laws before commencing action.

Provisions of constitution and by-laws of an order prohibiting institution of legal proceedings before submission of the controversy to the order, whose decision is appealable to higher tribunals of the society, while applicable to matters of discipline, policy, or doctrine, do not apply to a claim against the society for money due on its contract.

2. Contracts ⬅127(1)—Parties cannot make stipulations fettering right to resort to courts.

Contracting parties have no right to enter into stipulations fettering their rights to resort to courts for their remedy in a given case, and in the event of such agreement the law will not interfere to compel the parties to keep their agreement.

3. Insurance ⬅815(2)—Plea alleging misrepresentation in application held demurrable.

In action on death benefit certificate, plea, alleging that it was stipulated in the application for membership that insured had not been drunk for two years, that such stipulation was false, and that insured had in fact been drunk on a number of occasions prior to the making of the application, without alleging that he had been drunk within two years preceding his application or that the misrepresentation was made with actual intent to deceive, and that the risk was thereby increased, under Code 1907, § 4572, *held* demurrable.

4. Insurance ⬅815(2)—Plea alleging misrepresentation in application as to insured's habits held demurrable.

In action on death benefit certificate, plea alleging that it was stipulated in application for

membership that insured was temperate in his habits, and that insured was not temperate in his habits prior to making of application, without alleging that he was intemperate at the time of making application, or that misrepresentation was made with actual intent to deceive, or that risk was thereby increased under Code 1907, § 4572, *held* demurrable.

5. Insurance ⬅815(2)—Plea that insured violated constitution by intemperately using liquor held insufficient.

In action on death benefit certificate, plea, alleging that insured agreed to abide by the constitution and by-laws of the society and that in violation of the constitution he became intemperate in the use of liquor, without alleging that contract for insurance provided that insured should not become intemperate in the use of liquor, *held* demurrable; the statement that insured violated constitution by becoming intemperate in the use of liquor being a mere conclusion of the pleader.

6. Pleading ⬅8(6)—Averment held conclusion of pleader.

Averment that insured violated constitution of beneficiary society by becoming intemperate in the use of liquor *held* a mere conclusion of the pleader.

7. Insurance ⬅815(2)—Plea that insured's death was result of entering into a combat held insufficient.

In action on death benefit certificate, plea, alleging that insured agreed to abide by the constitution and by-laws of the society, and that in violation of the constitution he entered into a combat with another, resulting in his death, without alleging that the contract forbade his entering into a combat, *held* defective.

8. Appeal and error ⬅1079—Assignment of error held not sufficiently insisted upon in appellant's brief.

Where only reference in appellant's brief to court's action in sustaining demurrer to replications was: "Then we were confronted with replications to these pleas. These replications would not be now referred to except to preserve the assignment of error"—*held* not a sufficient insistence upon assignments of error complaining of court's action in sustaining the demurrer.

9. Insurance ⬅815(3)—Replication, alleging self-defense without alleging facts constituting the self-defense, held defective.

In action on death benefit certificate, defended on the ground that the member lost his life after entering into a combat in violation of the insurance contract, replication, alleging that member was acting in self-defense in engaging in combat, *held* defective for failure to set out the facts constituting self-defense.

10. Insurance ⬅748—Recovery on insured's death, resulting from "combat," precluded only if insured brought on the difficulty.

Stipulation that there should be no liability if insured died as result of "combat" precluded recovery on insured's death while engaged in combat only if the insured brought on the

difficulty and encounter in which he met his death.

**11. Appeal and error**  ⊕➞1005(4)—**Reversal for failure to grant new trial where verdict is against preponderance of evidence.**

The Court of Appeals will reverse judgment for lower court's failure to grant motion for new trial, where in its opinion the verdict is contrary to the great preponderance of the evidence and the reasonable and natural inferences to be drawn therefrom.

Appeal from Circuit Court, Madison County; Robt. C. Brickell, Judge.

Action by S. A. Payne against the Eminent Household of Columbian Woodmen, as beneficiary under a life certificate issued to Miller A. F. Payne. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

The fifth plea is as follows:

"That heretofore, and on the 11th day of June, 1914, Miller A. F. Payne made an application to the defendant, a secret benevolent society, for a covenant of beneficial membership in the sum of $1,000, stipulating and agreeing therein that he would abide by and be bound by the constitution and by-laws of the defendant, wherein it is provided that if a guest holding a covenant shall die in consequence of a duel, or combat, said covenant shall be void and of no effect. And defendant avers that in violation of the constitution of the said defendant which was in force at the time of the death of the insured, the said Miller A. F. Payne, being then and there a member of the defendant organization, entered into a combat with one W. B. Turner, resulting in the death of the said Miller A. F. Payne. Wherefore defendant says that the said covenant of beneficial membership became void, and that it is not liable to the plaintiff, the beneficiary therein named, on account thereof."

Replications are as follows:

"(2) In and by the contract sued on, it is provided, 'This covenant shall not be contested except for misrepresentation in the application or in health statement, provided this guest has complied with the conditions of the constitution and of this covenant,' by 'this guest' meaning the said Miller A. F. Payne; and plaintiff alleges that said Payne did comply with the conditions of said constitution and of said covenant sued on, and made no misrepresentation in the application or health statement of any existing facts, material to the risk."

(3) Same as 2 with the following additional words: "With intent to defraud."

(4) Same as 2, with the further allegation that said covenant sued on was not and is not contestable for any breach of warranty.

(5) Same as 2.

"(7) Plaintiff says, that the defendant waived the question of said Payne's temperance or temperate habits in this, that before the policy was issued by defendant it did, by its Deputy Council General, T. N. Haynes, investigate and inquire into his habits as to temperance, and did not issue the policy or covenant sued

on until the said Deputy Council General had certified as to the defendant as follows: 'I hereby certify that I have known Miller A. F. Payne, of Bloomfield, state of Alabama, —— years, and have satisfied myself by inquiry and investigation, that he is of temperate habits and sound health, and recommend him as in all respects a fit and desirable subject for insurance. [Signed] T. N. Haynes, Deputy Council General.' Dated at Dutton, Alabama. 8/1/1914."

"A. Payne was acting in self-defense in engaging in said combat."

"E. Miller A. F. Payne was acting in self-defense in combat in consequence of which he died."

"B. Plaintiff says that at the time of his death said Payne had withdrawn from the combat."

Cooper & Cooper, of Huntsville, and John R. Tyson, of Montgomery, for appellant.

By-laws set up in the plea in abatement was good and valid, and the court erred in sustaining the demurrers thereto. 7 C. J. 1121; 29 Cyc. 204; 63 Ohio St. 101, 57 N. E. 1089, 81 Am. St. Rep. 613; 218 Mass. 305, 105 N. E. 977; 117 Cal. 370, 49 Pac. 170, 59 Am. St. Rep. 193; 18 Cal. App. 234, 122 Pac. 973; 128 Md. 42, 96 Atl. 872, Ann. Cas. 1918E, 1174; 107 Md. 319, 68 Atl. 548; 99 Neb. 428, 156 N. W. 658. The statutory policy of the state makes the statements of the insured warranties. 197 Ala. 541, 73 South. 97; 142 La. 60, 76 South. 235; 200 Ala. 508, 76 South. 450; 201 Ala. 58, 77 South. 352; Acts 1911, p. 713.

R. E. Smith and Spragins & Speake, all of Huntsville, for appellee.

No brief came to the Reporter.

MERRITT, J. This is an action commenced by the appellee against the appellant, to recover the amount of a benefit certificate issued by the appellant upon the life of the appellee's son, who died on February 9, 1917, she being named as beneficiary therein.

The first 21 assignments of error relate to the ruling of the trial court on the demurrer to appellant's plea in abatement. The appellant sought to abate the action on the ground that the constitution and by-laws of the appellant prohibited the member of the order, or any beneficiary, from instituting legal proceedings of any kind until the matter in controversy had been first submitted to the order for decision, and from which decision a right of appeal was granted to the executive committee of the order, and from the decision of this committee an appeal was authorized to the Eminent Council, and from its finding to the Eminent Household.

[1] There is a clear and well-defined distinction between the obligation to pursue the method of procedure prescribed by an order or society like the appellant, resting upon one

who presents the question of discipline, and such obligation on the part of one who asserts a claim to money due upon a contract. In matters of discipline or policy or doctrine of the society, the member must resort to the plan of procedure provided by his society, including the remedy by appeal, before invoking the power of the court. But the rule is otherwise where a member claims money due from the society on its contract, or where the beneficiary of the deceased member claims money due from the society on its contract of insurance. In the latter case the right to resort to the courts to coerce payment is not abridged by the right of appeal from a lower to a higher tribunal of the society as conferred by its laws and rules. Our government furnishes courts of justice, and they are freely opened to those who seek money due them upon a contract.

[2] Conceding that the constitution and by-laws of the appellant are a part of the contract between the parties, and the general rule that the law permits great freedom of action in making contracts, still there are some well-known and very wholesome restrictions placed upon that right by legislation, by public policy, and by the nature of things. The law, and not the contract, prescribes the remedy, and parties have no more right to enter into stipulations fettering their rights to resort to the courts for their remedy in a given case than they have to create a remedy prohibited by law. In such cases, the law will not interfere, but it will leave the parties to their own good pleasure whether they will or will not keep such agreement. Home Insurance Co. v. Morse, 20 Wall. 445, 22 L. Ed. 365; Williams v. Branning Manufacturing Co., 154 N. C. 205, 70 S. E. 290, 47 L. R. A. (N. S.) 337; People v. Women's Catholic Order of Foresters, 162 Ill. 78, 44 N. E. 401; Supreme Lodge Order of Mutual Protection v. Meister, 204 Ill. 527, 68 N. E. 454.

There was no error in the ruling of the court below in sustaining the demurrer to the plea in abatement.

[3, 4] The appellant interposed pleas 1, 2, 3, 4, and 5. The first plea was the general issue. The second plea seeks to defend on the ground that it was stipulated in the application for membership that the insured had not been drunk for two years, and that this stipulation was false, and the insured had in fact been drunk on a number of occasions prior to the making of his application. The third plea sets up a provision in the application wherein the insured stipulated that he was temperate in his habits, and alleges that insured was not temperate in his habits prior to the making of his application. It is not averred in the second plea that the insured had been drunk within two years preceding his application, nor is it averred in the third plea that the insured was intemperate in his habits at the time of making his application.

Neither is it averred in either pleas 2 or 3 that the alleged misrepresentation was made with actual intent to deceive, or that the risk was thereby increased. Code 1907, § 4572; Mass. Mut. Ins. Co. v. Crenshaw, 186 Ala. 460, 65 South. 65; Metropolitan Life Ins. Co. v. Goodman, 196 Ala. 304, 71 South. 409.

[5, 6] The fourth plea alleges that the insured stipulated and agreed that he would abide by and be bound by the constitution and by-laws of the defendant, and that, in violation of the constitution of the defendant, the insured became intemperate in the use of liquor. It is not averred that the contract of insurance provided that the insured should not become intemperate in the use of liquor, and the averment that the insured violated the constitution by becoming intemperate in this respect is a mere conclusion of the pleader.

[7] The fifth plea avers that the insured agreed that he would abide by and be bound by the constitution and by-laws of the defendant, and in violation of the constitution of the defendant he entered into a combat with another, resulting in his death. This plea is manifestly defective, because of its failure to aver that the contract of insurance forbade the insured from entering into a combat.

Not only were all these pleas subject to the demurrer interposed, but the appellant had the full benefit of the defenses sought to be invoked in these pleas, by the amended pleas, upon which issue was joined.

[8] The trial court overruled the appellant's demurrer to replication numbered 2, and the ruling of the court in this respect is assigned as error in a number of assignments. The appellant does not seriously insist upon the assignments of error predicated on the action of the court in overruling its demurrer to this replication. All that is said in the brief with respect to the action of the court in sustaining demurrers to all of the replications, except the seventh, is:

"Then we were confronted with replications to these pleas. These replications would not be now referred to, except to preserve the assignment of error."

This does not constitute a sufficient insistance upon the assignments of error. However, we are of the opinion that the trial court was correct in its rulings on the grounds of demurrer interposed.

[9] Replication E was defective in not setting out the facts constituting self-defense, but this defect was not reached by the grounds of demurrer interposed by the appellant. There were only two grounds of demurrer to the seventh replication as amended, and neither of these grounds reached any infirmity in this replication. We find no reversible error in the ruling of the court on the pleadings.

The appellant insists that the trial court

erred in refusing to give the general charge requested by the appellant, based upon the second plea, and argues that the truth of this plea was affirmatively established. While it may be true the averments of plea 2 were established by a preponderance of the evidence, still special replications 2, 3, and 7, as amended, were interposed to this plea, and issue joined thereon. The appellee introduced evidence tending to support these replications, and the jury may have been satisfied sufficiently from this evidence of the truth of one or more of these replications. An issue of fact was thus raised by the evidence, and the jurors were the sole judges as to this issue. The same condition and ruling applies with respect to pleas 3 and 4.

It is strenuously insisted by the appellant that the trial court erred in refusing to give the affirmative charge upon the defense set up by it in the fifth plea as amended. This plea set up a provision whereby the insured agreed to abide by and be bound by the constitution and by-laws of the defendant, wherein it is provided that if the insured should die in consequence of a duel or combat, the covenant was null and void, and in violation of this agreement the insured entered into a combat with another, resulting in his death. The plaintiff interposed replications 1, 2, 3, 7, as amended, and A and E to this plea. Replication 1 is the general traverse, and replications 2 and 3 answered that the insured made no misrepresentation in the application of any existing fact that was material to the risk, the third replication adding the words, "and with intent to defraud." Replication A alleges that the insured was acting in self-defense in engaging in the combat, and replication E is substantially to the same effect. The averments of plea 5 were established by the great weight of the evidence, and the facts set forth in special replications A and E were not established by the evidence. However, there was sufficient evidence introduced in support of special replications 2, 3, and 7 as amended, to go to the jury. While these replications may have presented an immaterial issue as to plea 5, still the parties made it a material issue in this cause, and the appellant was not entitled to the affirmative charge.

We have examined the rulings of the court insisted upon with respect to the given and refused charges, and we find no sufficient error to work a reversal of this cause. It is true that some of the charges given at the request of the plaintiff could have been well refused because argumentative, still the giving of these charges does not constitute a reversible error.

The defendant had the benefit of its requested charge No. 4 in the general instruction of the court, and which is admitted in the brief for the appellant.

[10] The contract of insurance stipulated that there should be no liability if the insured died as a result of a combat. We construe this to mean a combat in which he was at fault. The evidence is overwhelming that the insured brought on the difficulty and rencounter in which he met his death.

[11] This court is of the opinion that the verdict is so contrary to the great preponderance of the evidence and to the reasonable and natural inferences to be drawn therefrom that it is unwilling to affirm the judgment, and therefore holds that appellant's motion for a new trial should have been granted. Southern Ry. Co. v. Nelson, 148 Ala. 91, 41 So. 1006.

For the error pointed out, the cause is reversed.

Reversed and remanded.