130 So.2d 178

**AETNA LIFE INSURANCE COMPANY**

v.

**Myrtle M. BEASLEY.**

**7 Div. 510.**

Supreme Court of Alabama.

May 11, 1961.

London, Yancey, Clark & Allen, Birmingham, for appellant.

Lusk, Swann & Burns and Hawkins & Rhea, Gadsden, for appellee.

MERRILL, Justice.

This appeal is from a verdict and judgment in favor of the plaintiff below in a suit upon a group insurance policy in which appellant insured certain employees of Goodyear Tire and Rubber Company, including the husband of the appellee, providing payment of benefits for loss of life from bodily injuries "sustained solely through accidental means."

At the close of the evidence the appellant, defendant below, requested the affirmative charge with hypothesis on the ground that the plaintiff had failed to sustain the burden of proving that the insured met his death by accidental means, that the death of the insured was not by accidental means because he voluntarily put his life at stake and deliberately took the chance of getting killed, and that his death did not result from something unforeseen, unexpected or unusual. Appellant assigns as error the failure of the court to give the general affirmative charge and the action of the court in overruling the motion for a new trial.

In an action on a similar policy, this court has held that the "Plaintiff, after offering in evidence the policy of insurance, produced proof that the insured died as a result of external and violent means, and no more, and thus made out her prima facie case for recovery." Continental Casualty Co. v. Meadows, 242 Ala. 476, 7 So. 2d 29, citing Inter-Ocean Casualty Co. v. Foster, 226 Ala. 348, 147 So. 127.

The evidence showed that the insured met his death in his home by a gunshot wound inflicted by his fourteen year old son. It was undisputed that for a number of years the insured, often when he was drinking and on occasions when he was not drinking, had beat his wife and called her vile and abusive names, frequently in the presence of their son. Sometimes these beatings occurred as often as every week end. In the past the son, an emotional, nervous boy, had attempted to protect his mother by requesting his father not to beat her but had never before physically resisted the deceased.

The only two witnesses testifying as to the shooting were the plaintiff and her son. There was evidence that the insured had been drinking heavily on the night of the fatal shooting; plaintiff testified that in her judgment the deceased was intoxicated. Both the plaintiff and her son testified that on this evening she was lying on the bed, and her son was sitting on the bed when the insured came into the room and hit her one or more blows with his fist rendering her unconscious. The son testified that he persuaded his father to leave the room, but while his mother was still unconscious his father sought to re-enter the room. At that time he (the son) was standing by his mother's bed with a rifle in his hand. He asked his father not to re-enter the room. As he came into the

room, insured told his son that he was going to kill both him and his mother. The son then shot his father.

Appellant contends that this testimony does not sustain the burden of proving the insured met his death as a result of accidental means.

■ In Emergency Aid Insurance Co. v. Dobbs, 263 Ala. 594, 83 So.2d 335, 338, the court said:

"* * * There is a distinction between an accidental death or injury, and one caused by accidental means. Such a distinction is treated by the law writers. It is an accidental death or injury if the result is an accident whether or not due to accidental means; but it is caused by accidental means, although the means employed were voluntarily rendered, if, in the act preceding the injury, something unforeseen, unusual and unexpected occurs which produces the result. Pledger v. Business Men's Accident Ass'n, Tex.Com.App., 228 S.W. 110; 45 C.J.S., Insurance, § 753, p. 778.

"The principle is thus expressed in our case of Inter-Ocean Casualty Co. v. Jordan, 227 Ala. 383, 150 So. 147, 148: 'When the voluntary act of the insured caused the injury, by way of, and as the result of, unanticipated and unexpected circumstances and result, it is within the terms of the contract.' * * *"

To the same effect are: Adkins v. Metropolitan Life Ins. Co., 235 Ala. 417, 179 So. 382; Northam v. Metropolitan Life Ins. Co., 231 Ala. 105, 163 So. 635, 111 A.L.R. 622; Inter-Ocean Casualty Co. v. Foster, 226 Ala. 348, 147 So. 127; Equitable Accident Ins. Co. v. Osborn, 90 Ala. 201, 9 So. 869, 13 L.R.A. 267.

■ In O'Bar v. Southern Life and Health Ins. Co., 232 Ala. 459, 168 So.

580, 582, this court set up some tests by which the facts must be tested to constitute an accidental death. It must have been from something "unforeseen, unexpected, and unusual," or "which happens. as by chance, or which does not take place according to the usual course of things," or "without foresight or expectation," or "by reason of some violence, casualty, or· vis major to the assured, without his design or consent or voluntary cooperation."· Here, the facts, so tested, tend to show death was "sustained solely through * * * accidental means."

■ The appellant contends that because· the insured was the aggressor in the instant situation the insurer is not liable. The general rule is stated in 45 C.J.S. Insurance § 788, p. 827, and is quoted by the Court of Appeals in United Security Life Insurance Company v. Clark, 40 Ala.App. 542, 115 So. 2d 911, 914:

"If insured is innocent of aggression or wrongdoing, and is killed or injured in an encounter with another, his death or injury is accidental, or is caused by accidental means, within the policy, as. where he is injured while defending himself against an unprovoked assault; and even though he is the aggressor, if he could not reasonably anticipate that his acts or course of action would result in death or bodily injury at the hands of this antagonist, insurer may be held liable."

The same question was considered in the often-cited case of Mutual Life Ins. Co. of New York v. Sargent, 51 F.2d 4, 5, by the Circuit Court of Appeals, Fifth Circuit, in an appeal from the District Court for the Northern District of Alabama:

"That death is none the less accidental, within the terms of a policy like the one in suit, because of the fact that it results from the intentional act of an-

other, if the insured is innocent of aggression or wrongdoing, or even if he is the aggressor, if he could not reasonably anticipate bodily injury resulting in death to himself at the hands of another. [Citing cases].

\*    \*    \*    \*    \*    \*

"Upon the matter of proof it is the law, though there are one or two authorities contra [Citing cases], that while the burden is upon plaintiff in cases of this kind to prove death resulting from external, violent and accidental means, proof without more that insured was killed by another raises the presumption that death was accidental, and makes out a prima facie case in the absence of evidence to the contrary. [Citing cases].

"If, however, defendant makes proof that the death occurred as the result of an affray or an encounter, then it is incumbent upon the deceased (this should read "plaintiff") to take the initiative again and show by other evidence that the death was accidental. [Citing cases]. And this can be accomplished by showing that the insured was not the aggressor or if he was the aggressor, that he could not in the circumstances reasonably have anticipated that he would be killed. [Citing cases]. In each case if there is any issue of fact as to how the matter occurred, and as to what ought to have reasonably been expected as likely to ensue, the matter is for the jury. [Citing cases]."

We cannot say as a matter of law that the husband, although intoxicated and belligerent, intended to kill his wife and son, or that the natural and probable consequence of his actions was that his son, who had never physically resisted or reacted to his father's threats and abuses toward his mother, would turn upon his father and kill him when he again threatened and assaulted his wife.

Under the circumstances here present, and the law previously cited, the court properly submitted the case to the jury. See Annotation, 26 A.L.R.2d § 5, p. 423. We also think that we would be out of harmony with the authorities to hold that the verdict was contrary to the great weight of the evidence. Mutual Life Ins. Co. of New York v. Maddox, 221 Ala. 292, 128 So. 383; American Life Ins. Co. v. Morris, 37 Ala. App. 438, 72 So.2d 414, certiorari denied 260 Ala. 693, 72 So.2d 418.

Appellant assigns as error the refusal of the court to give requested written charge No. 9 to the jury. From the record, it appears that this charge was originally given by the court but upon direction by the attorney for the appellant, it was withdrawn because it had been written before the plaintiff amended her complaint; therefore, it appears that the action of the court was invoked by the appellant's attorney. It is a well-established doctrine that a party may not avail himself of error, if there be error, into which he has led the court; this is called invited error. Ellerbee v. Atlantic Coast Line R. Co., 258 Ala. 76, 61 So.2d 89; Western Union Telegraph Co. v. Griffith, 161 Ala. 241, 50 So. 91. The verdict of the jury was not contrary to requested written charges "C" and "10" which were given by the court.

Appellant also contends that the motion for a new trial should have been granted because a juror in the case did not disclose, upon questioning, that he was acquainted with the plaintiff. The jurors were asked whether they knew or were acquainted with Myrtle Beasley or with other members of her family; this juror made no answer. When called as a witness on the hearing of the motion for a new trial, he testified that he did not know the woman as Myrtle Beasley but when she came around to testify, he knew that he had seen her around town but that he did not know her name other than Myrtle, that he had never spoken to her in person or over the

telephone and that he was not personally acquainted with her.

We cannot agree that this amounted to a withholding of pertinent information by the juror. There are many people whom each of us have seen or recognize but do not "know" or are "acquainted with." We feel that the phrase "know or acquainted with" implies more than merely having seen someone, but never having had a conversation with or any dealings with him.

Appellant next argues that the facts stated in the physician's statement in proof of loss are conclusive in the instant case and that the proof of loss shows death due to homicide in answer to the question: "Was the death due to accident, suicide or homicide?" Appellant also contends that under such answer there had never been any proof of loss as required by the policy that the insured died by accidental means.

■ The record shows that the certificate furnished as proof of death by the employer stated that the death of insured was the result of a "shotgun wound, inflicted by son." Such information filed on appellant's forms for proof of death would seem to furnish appellant with the necessary "written proof covering the occurrence, character, and extent of event for which claim is made" as required by the policy. There is no clause excluding death by the intentional act of another.

■ That the coroner's certificate and the doctor's certificate showing cause of death as homicide are not conclusive evidence against the beneficiary is fully discussed in United Security Life Insurance Co. v. Clark, 40 Ala.App. 542, 115 So.2d 911, and authorities cited therein.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.