HOLMES, Judge.
This is an appeal from a final decree wherein the trial court sitting without a jury awarded appellee-wife the proceeds of an insurance policy. The policy insured *390 the life of appellee-wife’s husband and provided coverage for accidental death.
. The appellant-insurance company appeals and the issues on appeal are: (1) Did the trial court err in finding that the death of appellee’s husband was “accidental”? (2) Did the court err in finding for the wife when there is evidence that the proceeds of the policy were assigned to the wife’s attorney ?
We answer both in the negative and affirm.
I
The policy of insurance in pertinent part provides as follows:
“This policy provides indemnity for loss of life, limb, sight or time caused by bodily injuries effected through accidental means as hereafter limited and provided.

“THE COMPANY WILL PAY the benefits named in this policy for any loss resulting directly, independently and exclusively of all other causes from bodily injuries effected solely through external and accidental means whether such injuries occur in the course of any occupation or employment, or otherwise, subject to the provisions, definitions, exceptions, statements and limitations herein contained.”
The evidence in this case consists of the testimony of the wife, the policy of insurance, the death certificate, and the coroner’s report.
The wife’s testimony is critical on this appeal and for purposes of the first issue constituted all the evidence concerning the events leading up to the insured’s demise.
The tendencies of her testimony are as follows: The wife left the husband because she “couldn’t stand his beatings any more; she returned on the day of her husband’s death at approximately 10:30 or 11:00 Á.M.; they confronted each other about 3:00 P.M. The husband thereafter proceeded to kick the wife in the stomach and chest. The husband pulled a gun, threatened the wife’s mother and forced the wife into a car. As the couple proceeded in the car the husband continued to hit the wife and pull her hair. He also threatened to kill her. They stopped their journey at the home of one Joe White. There, the husband informed Mr. White that he was “. . . fixing to kill her (wife).” While the husband held the wife by the hair and had one leg on her shoulder the gun fell out of the husband’s pocket. The wife thereupon picked up the weapon and told the husband to leave her alone. The husband then stated, “I’m going to kill you,” and made a step toward the wife. Thereupon, the wife testified she shut her eyes and started firing the gun. She further testified she was scared; she did not mean to kill him and thought she was firing over his head. The gun was emptied and the husband, according to the certificate of death, was struck in the left chest, left shoulder, and left hand. His death was instantaneous.
In Aetna Life Ins. Co. v. Beasley, 272 Ala. 153, 156, 130 So.2d 178, 181, we find the following:
“The general rule is stated in 45 C.J.S. Insurance § 788, p. 827, and is quoted by the Court of Appeals in United Security Life Insurance Company v. Clark, 40 Ala.App. 542, 115 So.2d 911, 914:
“ ‘If insured is innocent of aggression or wrongdoing, and is killed or injured in an encounter with another, his death or injury is accidental, or is caused by accidental means, within the policy, as where he is injured while defending himself against an unprovoked assault; and even though he is the aggressor, if he could not reasonably anticipate that his acts or course of action would result in death or bodily injury at the hands of this antagonist, insurer may be held liable.’ ” (Emphasis supplied)
*391 Additionally, in Provident Life and Accident Ins. Co. v. Hanna, 294 Ala. 37, 311 So.2d 294, we find an erudite discussion of the law applicable to this issue now before us. This discussion need not be repeated.
In Hanna, supra, the facts are very similar to the instant appeal, and the Supreme Court of Alabama found that they could not say as a matter of law that the death was not accidental. We cannot so say in this instance.
There was evidence to support a finding that the wife killed her husband in self defense, or that she did not mean to shoot him, only that she meant to scare him by firing over his head.
Additionally, keeping in mind the testimony that there were beatings in the past, none of which apparently gave the husband reason to expect violent resistance by the wife, we deem it appropriate to quote from Hanna, supra, where the supreme court, through Justice Shores, states as follows:
“The issue of whether the death was accidental must be determined according to the accepted view 'that an accident is an occurrence that is not to be expected or anticipated in the light of common experience and of the existing circumstances,’ and such determination is made from the standpoint of the insured.
“ 1 . . . The fact that the beneficiary kills the insured in what the former supposes is self-defense does not mean that the killing is not an “accident” within the meaning of the [policy] provision, unless it appears that the insured must have known, or at least have anticipated, that because of his conduct the beneficiary would in all probability kill him.’ 44 Am Jur. 2d, Insurance, § 1742.” (294 Ala. at 41, 311 So.2d at 297)
We would be remiss in not pointing out that appellant, through able counsel who has favored this court with an excellent brief, argues that Insurance Co. of North America v. Southern, 52 Ala.App. 357, 292 So.2d 476, is controlling. While counsel’s argument is persuasive, it is not convincing. We find Hanna, supra, to be factually similar to the instant case and Southern, supra, to be distinguishable.
In the instant case, as in Hanna, supra, the parties to the affray were husband and wife, the beatings had repeatedly taken place before and only the wife was armed at the time of the shooting. However, in Southern, supra, the parties were apparently strangers who never before had such an encounter, and the deceased while armed with a knife attacked another whom he knew to be armed with a gun. We find the Southern case is thus factually distinguishable.
II
Appellant additionally urges error in that, prior to suit being filed, the wife had assigned or transferred all her interest in the proceeds of the policy to her attorneys. Appellee-wife was the named beneficiary in the policy. Put another way, appellant contends that the trial court erred to reversal in overruling proper motions raising the question of non-joinder of necessary parties plaintiff. This contention is bottomed on Tit. 7, § 126, Code of Ala. 1940.
We find no merit in this contention. As appellee points out in brief, the policy contains the following provisions:
“CHANGE OF BENEFICIARY. Unless the Insured makes an irrevocable designation of Beneficiary, the right to change of Beneficiary, as to any death benefits hereunder, is reserved to the Insured and the consent of the Beneficiary or Beneficiaries shall not be requisite to surrender or assignment of this policy or to any change of Beneficiary or Beneficiaries, or to any other changes in this policy. Such change in Beneficiary shall take effect only upon endorsement of the same on this policy by the Company.
“ASSIGNMENT. No assignment of this policy shall be binding on the Com *392 pany until it is filed with the Company at its Home Office. The Company will assume no responsibility, for the validity or sufficiency of any assignment, and any claim thereunder shall be subject to proof of interest and extent thereof.”
Again, as pointed out by appellee, no change of beneficiary was designated per the terms of the policy. Additionally, no assignment was filed with the company as provided by the terms of the policy. Under such circumstances, we can perceive of no error in the trial court’s allowing the lawsuit to proceed in the name of the ap-pellee-wife.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.