This is a contest between brothers and sisters on one side and their stepmother on the other following the death of their respective father and husband. The intestate, John Jefferson Gladney, had two daughters and one son by a previous marriage — the son having predeceased his father leaving two surviving children (grandchildren of the intestate). The intestate remarried and lived with Erline Gladney as his wife for about three years before his death on August 28, 1973.
The assets of the estate were as follows:
1) A $3800 joint bank account with his wife, Erline;
 2) A $14,000 joint bank account with his three children;
3) A Winnebago motor home;
4) A 15-foot boat, motor, and trailer;
 5) A two bedroom brick house with 15 acres of land; and
 6) Household furnishings, tools, yard accessories, etc.
The widow checked out the $3800 account. The two children of the intestate split the $14,000 approximately three ways by paying their stepmother $4600. They also sold the Winnebago, the boat, motor, and trailer for a total of $8,450; gave their deceased brother's two children $1800; refused to give any part of this $8,450 to their stepmother; and claimed that she had been overpaid a total of $3000.
The widow claims that her stepchildren shared the $14,000 account with her in accordance with the intestate's wishes, expressed by him during his lifetime; that her stepdaughters also agreed to sell the motor home, boat, motor, and trailer and split the proceeds four ways; and that they changed their minds only after she signed a bill of sale for these items of personal property.
The widow, after being appointed administratrix, filed suit in circuit court to enforce her two stepdaughters to give her one-fourth of the $8,450. The stepdaughters answered, alleging that they had already paid their stepmother more than her share of the "heir" property.
When the case was called for trial, the presiding circuit Judge invited the lawyers to confer out of his presence and explore settlement possibilities. They reached an agreement with respect to certain items of personal property, but not with respect to the two bank accounts and the $8,450. Then, the trial Judge conferred with the lawyers concerning the procedure for resolving the remaining issues. The difficulty with the appeal revolves around what happened at this point. The trial Court, in its final decree, holding for the widow, recites: ". . . and the parties having agreed to present the facts to the court by affidavits, and the facts having been presented to the court by affidavits, the court . . ."; and its bench note entered on the date of the conference states, "To be *Page 1021 
submitted upon stipulated affidavits of parties 6-20-75."
The appellants (the two stepdaughters), through their attorney, contend that they did not agree to submit the cause for final determination upon interrogatories and affidavits; that this was meant merely to assist the judge in his understanding of the pleadings and to better formulate the issues for the purpose of a subsequent ore tenus trial.
By entering a final decree on the written testimony of the parties, the appellants contend that the trial Judge entered a summary judgment on his own motion. Not so, says the appellee; this agreement among the lawyers and the Court was explicit, understood by all the participating parties, accurately reflected in the trial Court's bench notes, complied with by the parties, and consummated in the final decree below.
Under the posture of the record before us, we perceive no legal means of going behind the record in order to reverse this cause on the "summary judgment" ground asserted by the appellants. Attorneys for the parties are authorized to effect by agreement the manner of taking testimony absent a showing that the trial Court limited or prohibited such agreed manner. Rule 43 (a), ARCP. Moreover, agreements made in open court or at pretrial conferences are binding, whether such agreements are oral or written. Rule 47, ARAP. See also Brocato v.Brocato, 295 Ala. 532, 332 So.2d 722 (1976). While this is not an ore tenus case, our consideration of the evidence does not constrain us to reach a different result than that reached by the trial Court. See Farmer v. Johns-McBride EngineeringService, 256 Ala. 335, 54 So.2d 708 (1951).
Our careful review of the record, however, does disclose one error in the trial Court's computation of the award in favor of the widow against her two stepdaughters. If our understanding of the record is correct, the Court totaled the expenses incurred by the widow and assessed this full amount against the defendants. This has the effect of relieving the widow of her proportionate share of these costs of administration. When this inadvertence in computation was called to the attention of counsel during oral argument, counsel for appellee commendably requested this Court to enter the appropriate corrective order. Therefore, we affirm the trial Court's judgment on the condition that the trial Court, within 30 days from the date hereof, amend its final decree to properly assess the total costs of administration proportionately among the parties.
AFFIRMED CONDITIONALLY.
BLOODWORTH, ALMON and EMBRY, JJ., and SIMMONS, R.C.J., sitting by designation of the Chief Justice, concur.