LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment of conviction and sentence on defendant’s plea of guilty of theft in the third degree to an indictment that charged him with theft in the second degree “in violation of Title 13A-8-4 of the 1975 Code of Alabama.”
The transcript shows that upon the call of the case for trial the following occurred:
“MR. HARRISON: (Defendant’s Attorney):
“Are you read, Your Honor?
“THE COURT: Yes.
“MR. HARRISON: Your Honor, in case number CC89-339, where Mr. Robert Rig-gins, the defendant in this case, has been indicted on a count of second degree theft, we would like to make a motion to quash the indictment, or, in the alternative, for a directed verdict.
“On the grounds that the arrest report which we had received and later was— the date on it verified to us by one of the assistant district attorneys, it was stipulated, and then, stipulated in open court when this case originally came to trial. And there was at that time a mistrial, but it was stipulated that the crime for which Mr. Riggins is charged occurred on the 12th of — I believe it was March, of 1982, which was on a Friday in the afternoon, and that was stipulated to in open court....
“And based upon that, based upon the fact that the State’s evidence contradicted their own statement and their own stipulation in court, and on the fact that due to the date it — two months later, at the earliest, when Mr. Riggins found out when the State was now going to claim the crime occurred it made it impossible for him to prepare his defense. And upon those grounds we move for the court to quash the indictment. Or, in the alternative, to grant a directed verdict.”
After a brief reply argument by counsel for the State and a short rebuttal by defendant’s attorney, the following occurred:
“THE COURT: Well,—
“MR. HARRISON: The prosecuting witness—
“THE COURT: —What was the reason for the mistrial, that same basis?
“MR. HARRISON: That was the basis for the mistrial.
“THE COURT: I overrule your motion. You have had time to prepare a defense as to the dates the witness testified to.”
Soon after the foregoing occurred, there was a noon recess, and at 2:30 P.M. the following occurred:
“THE COURT: Come around.
“(Whereupon, the Defendant and his attorney stand before the bench)
“THE COURT: Mr. Riggins, I note that on April 12th 1982, you appeared before Judge Cyril Smith at which time you pled not guilty.
“THE DEFENDANT: Yes, sir.
“THE COURT: You desire to change your plea at this time?
“THE DEFENDANT: Yes, sir.”
Thereupon, a lengthy colloquy ensued to insure that the guilty plea was interposed by defendant voluntarily, intelligently and understanding^, as to which no question is raised on appeal, and the transcript of the proceedings concludes as follows:
“THE COURT: All right, having ascertained in open court that the Defendant fully understands his Constitutional rights, the nature of the crime charged *685 against him in the indictment, and the consequences of his guilty plea, and the Defendant understandingly and voluntarily pleads guilty, and waives his Constitutional rights, it is the judgment and sentence of the Court that upon your plea of guilty the Court adjudges you to be guilty, let [sic, which we construe as “that”] you be imprisoned in the county jail for a term of twelve months to run concurrently with the sentence you are now serving.
“THE DEFENDANT: Yes, sir.
“THE COURT: If you will, get me that number so that I can put it—
“MR. HARRISON: I will get it for you, Your Honor.
“I would like to make mention to the Court that we would like to reserve the right, if Mr. Riggins desires, to appeal specifically upon the Court’s denial of his motion to quash the indictment which was made earlier.
“THE COURT: Yes, sir. All right, it is hereby ordered that the Defendant’s plea of guilty and waiver be accepted and entered in the minutes of this Court. “It is further ordered that the above and foregoing be, and it hereby is, made a part of the record of this case.
“(End of Proceedings)”
The only issue presented by appellant is thus stated in his brief:
“Did the Trial Court err in overruling the Defendant’s Motion to Quash the Indictment based upon the inconsistency between the stipulation of facts and the State’s evidence?”
In support of his contention, appellant relies upon what was said as to the binding effect of stipulations or agreements made in open court in Pennington v. Yarbrough, Ala.Civ.App., 406 So.2d 943 (1981); Jones v. Gladney, Ala., 339 So.2d 1019; Champion International Corporation v. State, Ala., 405 So.2d 932; Benedict v. Little, 288 Ala. 638, 264 So.2d 491; Harper v. Talladega County, 279 Ala. 365, 185 So.2d 388, and Rule 47, Ala. Rules of Appellate Procedure.
In our opinion, an acceptance of appellant’s contention would constitute a misapplication of what is stated by the cited authorities. We do not have a transcript of any part of the trial that resulted in a mistrial, but it appears from the transcript and record before us that the stipulation involved was held by the trial court in the process of trying the case to have been binding upon the parties, to the extent that a mistrial thereof was ordered. We are not informed as to whether it was ordered on motion of defendant, on motion of State, by consent of the parties, or by the court ex mero motu, but it is reasonably clear that it was without any objection whatever on the part of the defendant. The validity, the effect and the result of such mistrial are to be found in Code of Alabama 1975, § 12-16-233:
“The court or presiding judge in all cases of jury trial may discharge the jury without giving a verdict, with the consent of all parties to the trial or without the consent of the parties, when, in the opinion of the court or judge, there is a manifest necessity for the discharge or when the ends of justice would otherwise be defeated. In all cases in which the jury is discharged without a verdict, a mistrial shall be entered upon the minutes of the court, assigning the reason or cause for the mistrial, and no person shall gain any advantage by reason of such discharge of the jury.”
We find no semblance of any contention on the part of appellant that the proceeding in which the mistrial was declared constitutes former jeopardy, and any discussion thereof would be purely academic. Furthermore, we refrain from discussing some of the contentions made by appellee in response to appellant’s contention, as a consideration thereof is unnecessary for a proper determination of this appeal.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his *686 opinion is hereby adopted as that of the Court.
AFFIRMED.
DeCARLO, P.J., and TYSON, HARRIS and BOWEN, JJ., concur.