This is a wrongful death case wherein the plaintiff, Alfred T. Phillips, contends that the defendant, Anesthesia Services, P.C., was negligent in the treatment of his wife, Rachel Phillips, and that as a consequence of its negligence she died at Mobile Infirmary. The only issue raised for our review concerns a jury charge given by the trial judge. The pertinent facts of the case are set forth below:
Rachel Phillips was transferred from Springhill Memorial Hospital to Mobile Infirmary in June 1986, while she was having a heart attack. She was given medication in an attempt to stabilize her condition,[1] and a tube was inserted into her throat in order to aid her breathing. Her condition necessitated the performance of balloon angioplasty[2] *Page 128 
and, subsequently, an intra-aortic balloon was inserted into the aorta. Dr. Murphy testified that the intra-aortic procedure is extremely extraordinary. Because of her condition, she was placed on a ventilator in intensive care and was carefully monitored. On July 4, 1986, Dr. Gaeton D. Lorino, a consulting physician, removed the endotracheal tube (the tube in her throat) whereupon she began having trouble, including stridor, which Dr. Murphy described as an upper airway obstruction. As a result of her difficulty, Dr. Lorino, deciding to reintubate her and have her placed back on a ventilator, called David Muscat, a certified registered nurse anesthetist employed by Anesthesia Services, P.C., to perform the reintubation.[3] Muscat attempted the procedure, and after he had purportedly completed it, Ms. Phillips went into cardiopulmonary arrest and her heart stopped, but she was subsequently revived after the tube was removed. Muscat then made another tracheal intubation and Ms. Phillips was again placed on the ventilator. She was comatose and died thereafter. Alfred Phillips sued Anesthesia Services, P.C., Dr. Gaeton D. Lorino, Mobile Infirmary, and David Muscat, alleging that the first intubation performed by Muscat was actually an intubation into the esophagus instead of into the trachea, and resulted in brain damage due to lack of oxygen and, eventually, in the death of Rachel Phillips. Summary judgment was entered in favor of Dr. Lorino and Mobile Infirmary. Muscat was voluntarily dismissed at the close of Mr. Phillips's case. Following a judgment based on a jury verdict in favor of Anesthesia Services, Phillips appealed, arguing that the trial court erred in instructing the jury as to what he calls the "sole causation" charge requested by Anesthesia Services. We affirm.
The jury instruction complained of is the following limited supplemental charge:
 "If the negligence of Dr. Lorino, if any, was the sole cause of the death of Rachel Phillips, then that is a factor that you must consider in determining proximate cause."
Mr. Phillips argues that there was no evidence at trial of any negligence on the part of Dr. Lorino and, therefore, he argues, the trial judge only confused the jury by giving it such a charge. Thus, Mr. Phillips contends, we should reverse the judgment and remand the cause for a new trial. Although there was testimony from other doctors that they disagreed with the decision of Dr. Lorino to extubate Rachel Phillips, both parties agree that there was no evidence of negligence on his part offered during the trial. While ordinarily the charge complained of by Phillips might constitute error, in this case we conclude that Phillips invited any error by requesting the following charges at the close of the evidence:
 "The negligence of two or more persons may concur and combine to proximately cause injuries and damages. Causes concur and combine when they join together to produce a given result."
----------
 "If one is guilty of negligence which concurs or combines with the negligence of another and the two combine to produce injury or damage, each negligent person is liable for the resulting injury or damage, and the negligence of each would be deemed the proximate cause of the injury."
The trial judge charged the jury in accordance with the above requests and further instructed the jury as follows:
 "If you are reasonably satisfied from the evidence in this case that the Defendant, Anesthesia Services, P.C., was negligent and that its negligence concurred and combined with the negligence of Dr. Gaeton Lorino or a third person not now a party to this suit to proximately cause the death of Rachel Phillips, that fact *Page 129 
would not relieve the Defendant, Anesthesia Services, P.C., from liability for its own negligence and the Plaintiff would be entitled to recover from the Defendant, Anesthesia Services, P.C.
". . . .
 "I charge you, ladies and gentlemen of the jury, that if you are reasonably satisfied from the evidence in this case that the Defendant, Anesthesia Services, P.C., was guilty of negligence; that is, through the actions or omissions of David Muscat, and that Dr. Gaeton Lorino or some other person not a party to this suit were guilty of negligence and that their negligence combined and concurred and proximately caused the death of Rachel Phillips as claimed in the complaint, then and in that event any negligence on the part of Dr. Gaeton Lorino or some third person not a party to this suit if any there was, would not be a defense to Plaintiff Alfred T. Phillips's case against Anesthesia Services, P.C., for the death of Rachel Phillips.
 "Ladies and gentlemen, I charge you that unless you are reasonably satisfied from all the evidence in this case that David Muscat was guilty of negligence as the Court has defined [sic] and that such negligence proximately caused the death of Plaintiff's decedent Rachel Phillips, you cannot find a verdict for the Plaintiff against the Defendant, Anesthesia Services, P.C."
The record indicates that counsel for Anesthesia Services objected to these charges and requested that if the judge was going to charge the jury with regard to combined negligence, then a charge with regard to "sole causation" due to the negligence of a third party was likewise appropriate. The trial judge noted the exceptions to the charges, but did not give the requested "sole causation" instruction. Then, after the jury had retired, it returned and requested further instructions with regard to any negligence on the part of Dr. Lorino, as follows:
 "Okay. We just didn't remember exactly what you said about our deliberations where we were going to concern [sic] and come to a decision, Dr. Lorino, how he was implicated or the part he played in it, how we should think about that.
 "And so, we wanted you to clarify what you said, you know, concerning that."
The trial judge then gave the jury the "sole causation" charge quoted above and gave again the combined negligence instructions initially requested by Mr. Phillips. The jury thereafter returned a verdict in favor of Anesthesia Services, P.C. If anyone placed the issue of Dr. Lorino's negligence before the jury, it was Phillips who did so.
 " 'It is a well-established doctrine that a party may not avail himself of error, if there be error, into which he has led the court; this is called invited error. . . . ' "
Osborn v. Johns, 468 So.2d 103, 110 (Ala. 1985), citing AetnaLife Ins. Co. v. Beasley, 272 Ala. 153, 157, 130 So.2d 178, 182
(1961). Therefore, we conclude that there was no error in the giving of the additional charge.
For the foregoing reasons, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.
[1] The patient's blood pressure began to fall; heart stopped; and cardiopulmonary resuscitation became necessary. Dr. Leon Murphy testified that as a result of the heart attack and its complications, Rachel Phillips experienced cardiogenic shock. Dr. Murphy testified that, in his opinion, Ms. Phillips experienced some brain damage due to the fact that several hours passed before sufficient oxygen was restored to her brain.
[2] Balloon angioplasty, according to Dr. Murphy, is the insertion into an artery of a balloon, which is inflated in an attempt to restore blood flow to the heart.
[3] Dr. Murphy testified that, according to Ms. Phillips's chart, approximately 25 minutes elapsed before there was an attempt to reintubate her.