This case involves certain provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201-19 (1988), and the Portal-to-Portal Act, 29 U.S.C. § 255(a) and § 260 (1988), as they apply to the position of dormitory counselor at Alabama Agricultural and Mechanical University ("Alabama A M"). The trial court entered a judgment in favor of the plaintiffs. The Court of Civil Appeals reversed and remanded for a new trial.643 So.2d 1358. We granted certiorari review, and we now reverse the judgment of the Court of Civil Appeals and remand the cause. *Page 1365 
The plaintiffs were employed as residence hall counselors at Alabama A M. In that position, they performed a variety of duties to assist the resident students, such as distributing mail, discussing problems, and maintaining order in the dormitory. The counselors were salaried employees and received a monthly check based on a 40-hour workweek. It was undisputed, however, that the plaintiffs' actual work week was closer to 60 hours.
In 1986, two of the employees complained to university officials about being underpaid for the overtime hours they had worked, and requested overtime pay. Alabama A M's in-house counsel responded, stating that the employees met the criteria of 29 C.F.R. § 541.2(e)(2) (1983), which provides that an employee making at least $250 per week comes under the administrative exemption[1] if (1) her "primary duties" consist of performing work "directly related to management policies or general business operations" of her employer, and (2) these tasks "include work requiring the exercise of discretion and independent judgment." Alabama A M denied the request for overtime pay.
Nine present and former employees of Alabama A M sued Alabama A M, claiming that they were entitled to overtime pay under the FSLA for all time worked over 40 hours per week during their employment.
Before trial, two of the original plaintiffs withdrew from the action and an additional residence hall counselor moved to intervene, without opposition from Alabama A M.
At the conclusion of the trial, the case was submitted to the jury, with three special interrogatories:
 "1) Are the plaintiffs exempt employees who qualify for exemption as administrative employees?
 "2) Did Alabama A M commit a willful violation of the FLSA in failing to pay overtime wages to the plaintiffs?
 "3) Did the plaintiffs and Alabama A M agree that the plaintiffs' salaries would compensate them for forty hours a week or for all hours worked?"
The jury returned a verdict against Alabama A M on all three questions. The trial judge awarded attorney fees in the amount of $185,998.25 to the employees' counsel, and also granted the employees' motion for liquidated damages pursuant to the Portal-to-Portal Act, 29 U.S.C. § 260 (1988). The Court of Civil Appeals reversed, holding that the trial court erred in its instruction on the question of a willful violation of the FLSA.
We must first determine whether the Court of Civil Appeals lacked subject matter jurisdiction to hear the appeal in this case. Alabama A M initially appealed the trial court's judgment to this Court, which transferred it to the Court of Civil Appeals, sua sponte. The petitioners argue that the transfer to the Court of Civil Appeals violated § 12-3-10, Ala. Code 1975, because, they contend, the appeal did not involve a decision, rule, or regulation of an administrative agency.
Nontort cases brought by non faculty employees against public schools have been considered "administrative" for purposes of appellate jurisdiction in the Court of Civil Appeals. SeeBreazeale v. Board of Trustees of the University of SouthAlabama, 575 So.2d 1126 (Ala.Civ.App. 1991). Therefore, the case was properly transferred and submitted to the Court of Civil Appeals.
The substantive issue here deals with the trial court's supplemental jury charge and whether the parties agreed to the supplemental charge defining the term "reckless disregard," and whether Alabama A M was estopped from raising any error in this regard on the appeal.
The jury requested a supplemental charge on the definitions of "willfulness" and "reckless disregard." The trial court read a supplemental charge, the language of which was taken fromGlenn v. General Motors Corp., 658 F. Supp. 918 (N.D.Ala. 1986), aff'd in part, rev'd in part, 841 F.2d 1567, cert. denied,488 U.S. 948, 109 S.Ct. 378, 102 L.Ed.2d 367 (1988). *Page 1366 
It is undisputed that before the court gave the supplemental charge, lead counsel for Alabama A M agreed to the specific language to be used in the supplemental charge. (R. 762). Rule 47, A.R.App.P., provides that "agreements made in open court or at pretrial conferences are binding, whether such agreements are oral or written." Following the charge conference and after the judge charged the jury, associate counsel for Alabama A 
M objected to the charge, arguing that it was improper underMcLaughlin v. Richland Shoe Co., 486 U.S. 128, 108 S.Ct. 1677,100 L.Ed.2d 115 (1988).
The petitioners contend that it was only after the charge had been given that associate counsel for Alabama A M found the statement in Richland Shoe that he claimed made the charge improper. When the attorneys agree on a certain jury charge, the parties are bound by that agreement. See Jones v. Gladney,339 So.2d 1019 (Ala. 1976); Brocato v. Brocato, 332 So.2d 722
(Ala. 1976).
The petitioners also contend that the doctrine of invited error would preclude an untimely objection to an instruction that was previously agreed to. That doctrine provides that a party may not complain of error into which he has led the court. Aetna Life Insurance Co. v. Beasley, 272 Ala. 153, 157,130 So.2d 178, 182 (1961).
In Phillips v. Anesthesia Services, P.C., 565 So.2d 127, 129
(Ala. 1990), the plaintiff argued that the trial court had erred in giving a supplemental charge, because, he said, the charge had improperly placed an issue of the negligence of one of the defendants before the jury. However, the plaintiff had requested the supplemental charge. This Court held that while ordinarily the charge complained of by the plaintiff might constitute error, in this case the plaintiff invited error by requesting the supplemental charge. We stated that a party cannot complain of error that he invited.
The Court of Civil Appeals based its reversal in this case on its conclusion that the trial court had erred to reversal in giving the supplemental charge. Based on the reasoning above, we conclude that Alabama A M waived any objection to the alleged error.
Because the appeal was properly transferred to the Court of Civil Appeals in the first instance, and because Alabama A M had waived any objection to the jury charge that the Court of Civil Appeals found to be erroneous, we reverse the judgment of the Court of Civil Appeals and remand.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and STEAGALL, JJ., concur.
[1] Employees who come under the administrative exemption are not entitled by the FLSA to overtime pay for hours worked in excess of 40 hours per week.