ON REHEARING
On May 8, 1984, this court unanimously affirmed this cause without opinion. 453 So.2d 8.
Because counsel has filed a request for a statement pursuant to Rule 39 (k) and Rule 40 ARAP, this court sets forth the following as its opinion.
Charlie Johnson was charged in a two count indictment with the unlawful sale of Diazepan, a controlled substance, in violation of the Alabama Uniform Controlled Substances Act of 1971. Following a jury trial, the appellant was found "guilty as charged". A sentencing hearing was conducted and no prior felonies were found, but the appellant was sentenced to two years' imprisonment because of the sale of an unlawful drug. Appellant's motion for a new trial was overruled following a hearing.
Diane Etterly testified she was employed by the Russellville Police Department as a Narcotics Investigator. She stated that she had worked for several police departments in the North Alabama and Tennessee Valley area. In October of 1982, she was on loan to the Huntsville, Alabama Police Department and also worked with the Sheriff's Department of Madison County. On October 5, 1982, while working with Deputies Al Duffey and Sam Goins, she went to the home of one Charlie Johnson, located at 1217 Rison Avenue, and blew the horn. She stated that this place had been pointed out to her by Deputy *Page 998 
Duffey. She stated that a person, who came out and was introduced to her as the appellant and identified himself as Charlie Johnson, began talking with her. She said she had an informant with her but that she did not know his name and was simply introduced to the informant by an alias. After being introduced to the appellant by the informant, she told the appellant that she wanted some valium. The appellant then went back inside and came back out in a few minutes and sold her a packet of twenty tablets for $20.00. She identified them as a small bluish tablet which had the word "Roche" on them. She stated that she then placed these tablets in a zip-lock bag, marked it with her name and the date and the name of the appellant. She then turned these over to Deputy Duffey. On cross-examination, she testified that she had been working in law enforcement for about six years. She testified that she was not sure that the appellant had any prior record, that she had looked at some police identification matters prior to going to appellant's home. She stated that she did not know whether they were convictions or simply the charges. When asked specifically about a burglary, she said, "I think there was one burglary, I'm not sure if there was a conviction or not. I'm not sure what the others were." Then she further stated, "I never said he was convicted of anything." (R. 27). All of this was brought out on cross-examination of the officer by the appellant's counsel.
Deputy Al Duffey testified that he knew Diane Etterly, that she had worked as an undercover agent with the Sheriff's Department of Madison County in September and October of 1982. He stated that she went to the home of the appellant on October 5, 1982 and made a purchase of twenty valium tablets, brought them back to him marked with the date, time of purchase and amount paid the appellant, namely $20.00. He stated that he then turned over this package to Lt. Jack Hennessy of the Madison Sheriff's Department. Lt. Hennessy said he kept it in his control for two days and on October 7, 1982, took the packet of the blue valium tablets to Ms. Martha Odom at the Department of Forensic Sciences in Huntsville.
Ms. Odom testified that she made an analysis of the valium tablets and determined that they were, in fact, valium and that they were known as Diazepan, which is a tranquilizer, and requires a prescription of a medical practitioner and that they are on the Controlled Substances list.
The appellant's motion to exclude the evidence was overruled.
The appellant took the stand and testified that his name was Charlie Johnson, that there was another Charlie Johnson living in the area in Huntsville who had also been charged with an offense. He stated that he had lost one of his sons in September, 1982, and as a result of the death of the child, had made a trip to Indiana. He was in Indiana on the date of October 5, 1982, and was not at the residence of 1217 Rison Street. He stated he did not make the sale to Ms. Etterly or to anyone else. He testified on cross-examination that in court was the first time he had ever seen the undercover officer.
There was no exception to the oral charge of the court.
 I
Appellant's counsel argues three points on appeal. The first is that he avers that the State used perjured testimony in its case in chief by allowing Officer Diane Etterly to testify that the appellant had a prior criminal record when, in fact, the appellant did not, and that the State knew that such was false. It should be first pointed out that all of this information was brought out concerning any prior arrest as distinguished from convictions by appellant's counsel on cross-examination of Officer Etterly. The State made no attempt to present any suchtestimony at all.
In fact, the record in the case at the sentencing hearing shows that the appellant had no prior criminal record. That is,no prior convictions. Moreover, Officer Etterly gave a negativeanswer by stating in response to the question, "And this *Page 999 
Charlie Johnson you identified was a man with several criminal convictions, such as burglary?" Her response was, "I never said he was convicted of anything." There was a subsequent discussion as to arrest, but again she said that she was not aware of these and that she had simply looked over the Madison County Sheriff's records. There was no motion or other objection to this testimony and all of it was brought out by the appellant's counsel on cross-examination. Clearly, there was no knowing use of perjured testimony, which is the argument the appellant's counsel seeks to here make.
In a very recent opinion of this court, Ford v. State,445 So.2d 981 (Ala.Crim.App. 1983), this same issue is discussed. This Ford case also involved a drug sale and matters brought out by defense counsel with reference to another sale. As inFord, supra, this answers this particular allegation of appellant.
 II
With reference to the name of the alleged informant who went to the home of the appellant with Officer Etterly on October 5, 1982, the officer stated she did not know the man nor know his name. She testified at trial that she simply was introduced to him by an alias and, using the alias, the informant rode with her to the home of the appellant and introduced her to the appellant. She stated that this was all she ever knew and that this was her common practice when using such an informant. Therefore, there is no violation of the rule in Roviaro v.United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).
 III
The third point raised by appellant's counsel is the weight and sufficiency of the evidence when tested by his motion for judgment of acquittal or motion to exclude. As noted above, the State presented a prima facie case and the motion made by appellant's counsel was therefore properly overruled. SeeRogers v. State, 346 So.2d 29 (Ala.Crim.App. 1977) and Jones v.State, 348 So.2d 1116, cert. denied, 348 So.2d 1120 (Ala. 1977).
In light of the above authorities, this appeal is due to be and is affirmed.
APPLICATION FOR REHEARING OVERRULED; AFFIRMED.
All the Judges concur.