Eddie Dean Lightfoot was convicted for the possession and sale of marijuana and sentenced to five years' imprisonment. On this appeal from those convictions, the appellant argues that the trial court erred in not requiring the disclosure of the identity of the confidential informant. We disagree.
The State's evidence shows that Rector Johnson, Jr., a law enforcement officer with the Alabama Bureau of Investigation, was working as an undercover agent in a narcotics investigation in York, Alabama. On the afternoon of December 27, 1985, an informant introduced Johnson to the driver of an automobile parked in front of the Soul City Shop. At trial, Officer Johnson positively identified the appellant as this driver. Johnson told the appellant he wanted to buy some dope and the driver said "get in." The informant got in the front seat. Johnson got in the back seat.
Johnson told the appellant that he wanted to buy a one-ounce bag of marijuana and *Page 58 
the appellant set the price at $70. Johnson gave $70 to the appellant, who then handed Johnson a plastic bag containing seven-eighths of an ounce of marijuana. Johnson and his informant got out of the car. Johnson "ran" the tag number of the car and found that the car was registered to the defendant.
The appellant presented an alibi defense, testifying that he never sold marijuana to Johnson and that he was in Meridian, Mississippi, shopping with his wife at the time of the crime.
Here, the main issue at trial was the identity of the driver of the car who sold the undercover agent the marijuana. Only three people were present when the sale occurred — the driver, the informant, and the undercover agent. On appeal, the appellant implies that the informant would impeach and contradict Officer Johnson's identification of the appellant as the individual who sold him the marijuana.
There was no pretrial motion seeking discovery of the identity of the informant. The only request for disclosure occurred during the trial when defense counsel was cross-examining the undercover agent:
"Q. What's the name of your informant that you used?
"MR. WATKINS [Special prosecutor]: Object.
 "A. Department policy unless directed to the Court to keep it confidential, sir.
 "MR. REED [Defense Counsel]: I would ask the Court to direct the witness to name the informant.
 "THE COURT: Overrule. You understand that's the law that you do not have to name an informant."
When defense counsel requested disclosure of the informant's identity, the only evidence before the court was Officer Johnson's testimony that he was "absolutely sure" that the man who sold him the marijuana was the appellant.
As ground five of his motion for new trial, the appellant states, "The Court erred in refusing to require that the State disclose the name of the alleged informant." The hearing on the motion for new trial is not contained in the record on appeal.
There is no fixed rule with respect to the disclosure of the identity of informants.
 "We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 628-29, 1 L.Ed.2d 639 (1957).
The rules regarding a defendant's right to the disclosure of the identity of an informant on the issue of guilt or innocence are accurately summarized in 33 Am.Jur.P.O.F.2d 549 CriminalLaw: Need for Disclosure of Identity of Informant, at 559, 563 (1983).
 "Generally speaking, where the identity of a confidential informer is sought on the issue of guilt or innocence, and the alleged informer is shown to have been a participant in the transaction constituting the offense, the prosecution is required to disclose his identity and address on the request of the accused. The rule does not apply, however, to an informer who is involved in only an indirect way, such as a `tipster.'
* * *
 "On the other hand, where the alleged informer is not the only participant in the transaction who can establish the defendant's guilt, disclosure of his identity may not be automatically required. It has been suggested that the procedure in such a case — where the facts do not establish either that the informant is a `mere' tipster who did not in any way participate in the criminal transaction, or that the informant was the only active participant in the transaction other than the defendant — is for the trial judge to order an in camera hearing to question the informant and ascertain whether his *Page 59 
testimony might be helpful to the defendant."
See also Self v. State, 420 So.2d 798, 800 (Ala. 1982) ("[I]f a confidential informer is a material witness, i.e., an active participant in the illegal transaction which leads to the charges brought against the accused, then the accused is entitled to learn from the State the identity of the confidential informant and his address."); Annot., 76 A.L.R.2d 262, § 21 (1961).
We are not persuaded by the appellant's argument that the trial court erred in denying disclosure of the informant's identity because our review of the record convinces us that the appellant made no serious or timely effort to discover that identity. "The accused's right to disclosure of an informant's identity may be waived, and the right is lost unless the accused seasonably makes a sufficient request or demand for disclosure." 21A Am.Jur.2d Criminal Law § 1005 (1981). See also Annot., 76 A.L.R.2d 262 at § 21.
The appellant was undoubtedly aware that an informant witnessed the sale of marijuana because the record shows that a preliminary hearing was held in this case. In United States v.Diaz, 655 F.2d 580, 586 (5th Cir. 1981), cert. denied,455 U.S. 910, 102 S.Ct. 1257, 71 L.Ed.2d 448 (1982), the accused was aware well in advance of trial that a confidential informant was involved, but waited until after the State had presented its case-in-chief before requesting disclosure.
 "In such circumstances, the appropriate procedure is for the defendant to file a specific pre-trial motion requesting disclosure. If the confidential informant's identity was as crucial to the appellant's defense as [he] contends on appeal, we are unable to understand why [he] was not more diligent in seeking disclosure." Diaz, 655 F.2d at 586.
Here, the appellant never requested an in camera hearing. The record does not show that the need or reason for disclosure was ever expressed to the trial court. "Although the informer's privilege must give way where the disclosure of the informant's identity `is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause,' [Roviaro, 353 U.S.] at 60-61, 77 S.Ct. at 628, the burden is on the defendant to demonstrate the need for the disclosure." UnitedStates v. Fixen, 780 F.2d 1434, 1439 (9th Cir. 1986); Self,420 So.2d at 800; McCall v. State, 487 So.2d 1375, 1379-80
(Ala.Cr.App.), cert. denied, McCall v. Alabama, 479 U.S. 856,107 S.Ct. 195, 93 L.Ed.2d 127 (1986). See also 76 A.L.R.2d 262 at § 13.
 "It is well settled that an accused who seeks disclosure of the identity of a confidential informer has the burden of showing that circumstances exist which justify the invocation of an exception to the privilege of nondisclosure. The defendant's burden to justify an exception may be an extremely heavy one. In addition to showing that the informant was a participant in or eyewitness to the criminal act with which the defendant is charged, that the nature of the crime is such that the informant's testimony will be useful in formulating defenses, and that the defendant does not know the identity of the informant, the defendant may be required to provide specific, concrete reasons for his need to know the identity of the informant." 33 Am.Jur.P.O.F.2d at 558.
As a general rule, "a reviewing court determines the correctness of a trial court's ruling `as of the time when it was made and according to what the record shows was before the lower court at that time.'" Henry v. State, 468 So.2d 896, 899
(Ala.Cr.App. 1984), cert. denied, Ex parte Henry, 468 So.2d 902
(Ala. 1985). Considering the principles stated above, including the sufficiency of the request, and the evidence before the trial judge at the time the request was made, we find that the trial judge did not commit error in refusing to require the disclosure of the informant's identity. Allen v. State,494 So.2d 777, 782 (Ala.Cr.App. 1985) (failure to request "compulsory process" for informant).
In cases involving similar factual situations in which the informant has introduced the undercover law enforcement officer to the accused and then has only witnessed *Page 60 
the drug sale between the officer and the accused, this Court has characterized the informant as a passive observer. In such cases, the disclosure of the informant's identity has not been required even where there has been a proper and timely request.Johnson v. State, 455 So.2d 997, 999 (Ala.Cr.App. 1984);Stanford v. State, 448 So.2d 472, 473 (Ala.Cr.App. 1984);Kilgore v. State, 50 Ala. App. 501, 503, 280 So.2d 206, 208
(1973).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.