Calvin Hurley was indicted for the unlawful distribution of a controlled substance, in violation of § 13A-12-211, Code of Alabama 1975 (Supp. 1989). The jury found the appellant guilty as charged in the indictment, and the trial judge set sentence at eight years' imprisonment in the penitentiary.
On the night of July 6, 1988, Darryl Armour, an undercover narcotics officer with the Alcohol Beverage Control Board, drove to the Westside Housing Project in Russellville, Alabama. At the time, Armour was accompanied by an informant. At some point, Armour saw the appellant, and he asked the appellant if he could purchase a quarter of a gram of cocaine. The appellant produced two bags of a white substance. Armour chose one and gave the appellant $25.00. Armour and the informant then drove to a school that was less than a mile from the Westside Housing Project. There Armour sealed the substance in an envelope and placed the envelope in his trunk. The substance tested positive for cocaine.
 I
The appellant alleges that his motion for a new trial should have been granted because one of the jurors failed to make it known during voir dire that she knew the appellant and that she had knowledge of the facts of this case. Prior to the start of the sentencing hearing in this case, the following occurred:
 "MR. GRAHAM, JR.: Your Honor, at this time I want to ask for a continuance on the sentencing hearing because Mr. Hurley has advised me that he talked with Mr. Thomas Young, who is a deacon at the First Baptist Church. Now according to Mr. Hurley there's a lady there, Vera May Freemon, who sat on his jury. According to what Mr. Young tells Mr. Hurley that Ms. Freemon and several other people had been discussing this case in church before this case ever came to trial and if this is true, I don't know, but if it's true she did not disclose it to the court during voir dire of the jury." (R. 201-02.)
The trial judge granted the appellant's motion for a continuance, and an evidentiary hearing on this matter was held at a later time. The following was adduced at the evidentiary hearing.
When Vera Taylor (Freemon) was asked whether she knew the appellant, she testified that she had seen him around and that she knew his name, but that she had never talked to him. Defense counsel then asked, "If anybody had asked you if you knew Calvin Hurley, would you say yes or no?" Taylor replied, "I would say yes, I know him by looking at him, seeing him on *Page 361 
the street. But personally, I don't know him." (R. 220.) Taylor also stated that she had not discussed this case with anyone before, during, or after the trial.
When Thomas Young was asked whether Taylor had attended any community meetings at which the appellant's case was discussed, Young replied, "Not other than the time that Calvin told me her niece told him she had been attending them. He said that Carver Phillips told him she had been attending them." Defense counsel then asked Young, "She ever tell you, or indicate in any way that she was aware of Calvin's case?" Young stated that Taylor had not.
Carver Phillips, the appellant's niece, testified that she had seen Taylor at a community meeting, but there was no mention made of the appellant or of his case at this meeting.
Mary Abernathy testified that she was on a community drug committee and that she had never seen Taylor at any of the meetings. She said that she did not remember telling the appellant that she had seen Taylor at some of the drug committee meetings.
The appellant stated that Taylor has known him all his life and that Taylor was lying when she said she knew the appellant only casually. The appellant admitted that he remembered that Taylor did not disclose that she knew him during voir dire. He testified that he did not inform his attorneys of this matter until after his trial because he didn't think it had a "bearing" on the case.
 "Questions that ask venirepersons whether they know any of the individuals involved in the case, whether they know any of the facts of the case, and whether any of the venire has ever been the victim of a crime are all important considerations that determine the impartiality and fairness of a trial proceeding. When these questions and others are answered falsely, either by vocal assertions or by intentional or indifferent silence, which in many cases is perhaps the most detrimental, an accused is denied his right to challenge for cause and has in fact been deceived into forgoing his right of a peremptory strike.
". . . .
 " '[T]he proper inquiry for the trial court on motion for new trial, grounded on allegedly improper responses or lack of responses by prospective jurors on voir dire, is whether this has resulted in probable prejudice to this movant.' "
Warrick v. State, 460 So.2d 320, 325 (Ala.Crim.App. 1984) (quoting Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970)).
However, "the question of prejudice is a matter primarily within the trial court's discretion; absent a clear showing of an abuse of that discretion, its ruling on the matter will not be reversed." Alabama Gas Corp. v. American FurnitureGalleries, Inc. 439 So.2d 33 (Ala. 1983).
We find that the trial judge in this case did not abuse his discretion in denying the appellant's motion for a new trial on the basis of the matters asserted in this issue. There was absolutely no evidence presented at the hearing that Taylor had knowledge of the facts of this case before trial or that she had discussed this case with anyone at any time. Furthermore, we cannot say that Taylor's failure to disclose during voir dire that she knew the appellant only casually warrants a new trial.
In Aetna Life Insurance Co. v. Beasley, 272 Ala. 153,130 So.2d 178 (1961), a juror did not respond when the venire was asked during voir dire whether anyone knew or was acquainted with the plaintiff. At the hearing on the motion for a new trial, the juror testified that he had seen the plaintiff around town, but that he had never spoken to her. In upholding the trial court's denial of the plaintiff's motion for a new trial, the Alabama Supreme Court stated:
 "We cannot agree that this amounted to a withholding of pertinent information by the juror. There are many people whom each of us have seen or recognize but do not 'know' or are 'acquainted with.' We feel that the phrase 'know or acquainted with' implies more than merely having seen someone, but never having had a conversation with or any dealings with him." *Page 362 
Beasley, 272 Ala. at 158, 130 So.2d 178. But see AmericanFurniture Galleries.
Moreover, we fail to see how the appellant can complain now that Taylor failed to respond during voir dire that she knew him. This is not a case in which the defendant argues that he learned after the trial that a juror knew him. This appellant claims that he knew that Taylor knew him when she was asked this fact during voir dire. However, the appellant sat mute and never told anyone about this information until after an unfavorable verdict had been returned by the jury. Thus, even if we determined that Taylor actually "knew" the appellant, we could not allow the appellant to benefit by his silence. The trial judge properly denied the appellant's motion for a new trial. See Smithson v. State, 50 Ala. App. 318, 278 So.2d 766
(1973).
 II
Prior to the trial of this case, defense counsel made a motion requesting that the State specify whether it would be prosecuting the appellant under the statute that provided for an enhanced penalty if the sale of drugs occurred within one mile of a school. The statute referred to by defense counsel was § 20-2-79, Code of Alabama 1975 (this statute was "[t]ransferred to § 13A-12-250 by Acts 1988, 1st Sp.Sess., No. 88-918, p. 512, § 2, effective September 30, 1988"). The prosecutor replied, "We're prosecuting under that, but my position is that's in the sentencing phase." (R. 40.) The trial judge denied the motion, and the case proceeded to trial.
On appeal, the appellant contends that he was entitled to be given notice in the indictment of the State's intention to proceed under § 20-2-79. This question has already been answered by this court. In Harrison v. State, 560 So.2d 1124
(Ala.Crim.App. 1989), Judge Bowen, speaking for the court, stated, "We find that an indictment for the unlawful sale of drugs need not contain any reference to the sentence enhancing provisions of Ala. Code 1975, § 20-2-79 (or its successor provision, § 13A-12-250), in order for the defendant's sentence to be enhanced under that statute." Thus, this issue has no merit.
 III
The appellant asserts that he was denied the opportunity to confront the witnesses against him because the State failed to disclose the identity of the confidential informant in this case. "[I]f a confidential informer is a material witness,i.e., an active participant in the illegal transaction which leads to the charges brought against the accused, then the accused is entitled to learn from the State the identity of the confidential informant and his address." Self v. State,420 So.2d 798, 800 (Ala. 1982) (citing Roviaro v. United States,353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)).
 "In cases . . . in which the informant has introduced the undercover law enforcement officer to the accused and then has only witnessed the drug sale between the officer and the accused, this Court has characterized the informant as a passive observer. In such cases, the disclosure of the informant's identity has not been required even where there has been a proper and timely request. Johnson v. State, 455 So.2d 997, 999
(Ala.Cr.App. 1984); Stanford v. State, 448 So.2d 472, 473 (Ala.Cr.App. 1984); Kilgore v. State, 50 Ala. App. 501, 503, 280 So.2d 206, 208 (1973)."
Lightfoot v. State, 531 So.2d 57, 59-60 (Ala.Crim.App. 1988).
The informant's participation in this illegal transaction was minimal. The record indicates that at most the informant directed Armour to the neighborhood and introduced the appellant to Armour. We find that the confidential informant was merely a passive observer in this instance, and thus, the State was not required to reveal the name of the informant.
Furthermore, the appellant was not harmed by the State's failure to disclose the name of the informant, since defense counsel obviously learned who the informant was and called this person as a witness. The State's cross-examination of this witness indicates that the State conceded that defense counsel had figured out who *Page 363 
the informant was in this case. Thus, the appellant was not deprived of his right of confrontation.
For the reasons stated above, the judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.