TAYLOR, Presiding Judge.
The appellant, Robert Head, Jr., was convicted of the unlawful possession of a pistol, in violation of § 13A-11-72, Code of Alabama 1975. He was sentenced to four years in the state penitentiary.
The evidence tended to show that on November 13, 1988, the Opp Police Department received a report that the appellant had been at the B & B Steakhouse threatening the employees with a pistol. The dispatcher at the police department relayed this information to the patrolling officers. Officer Larry Wicker was on duty that evening and heard the dispatch. A few hours later, Officer Wicker observed the appellant “weaving” all over the road in a small car. Officer Wicker turned on his blue lights but instead of stopping his car, the appellant sped up. When Officer Wicker was finally able to stop him, the appellant waited for Officer Wicker to exit his patrol car and then he left the scene. It took a road block to eventually stop the appellant.
Due to the appellant’s obviously drunken condition, he was arrested for driving under the influence of alcohol and for reckless driving. Because the police officers had been warned earlier that the appellant was armed, they searched his vehicle for the reported pistol. The pistol was found in the glove box.
The appellant contends that his motion to suppress the pistol should have been granted because, he argues, it was the fruit of an illegal search. More specifically, the appellant argues that there was no probable cause to search his automobile. He further asserts that even if probable cause did exist, there were no exigent circumstances to excuse or justify a warrant-less search.
In Mewbourn v. State, 570 So.2d 805 (Ala.Cr.App.1990), Judge Bowen wrote:
“It has been stated many times that ‘[pjrobable cause deals with probabilities, not legal technicalities. It is grounded upon those practical, factual considerations of everyday life upon which reasonable and prudent men act. Brinegar v. State, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed 1879 (1948).’ Carter v. State, 405 So.2d 957, 959 (Ala.Cr.App.), cert, denied, 405 So.2d 962 (Ala.1981). ‘Probable cause does not require an officer to compile an airtight case against a suspect.’ Williams v. State, 440 So.2d 1139, 1145 (Ala.Cr.App.1983). ‘It merely requires that the facts available to the officer would “warrant a man of reasonable caution in the belief” that certain items may be contraband.... [I]t does not demand any showing that such a belief be correct or more likely true than false. A “practical, nontechnical” probability that incriminating evidence is involved is all that is required.’ Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535 [1543], 75 L.Ed.2d 502 (1983) (citations omitted).”
Mewbourn, supra, 570 So.2d at 808-09.
Applying these principles to the case at bar, we find that probable cause existed for the search of the appellant’s car, including the glove box. “[Pjrobable cause to search a vehicle will constitute probable cause to search the entire vehicle with at least some intensity_” 3 W. LaFave, Search and Seizure § 7.2(c) at 44 (2d ed. 1987).
The appellant also argues that there were no exigent circumstances to excuse or justify a warrantless search. However, the mobility of an automobile is an exigent circumstance which excuses the lack of a search warrant.
“After California v. Carney, [471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985),] several courts have indicated that probable cause is the linchpin of the automobile exception and that a vehicle’s potential for mobility raises the presumption of exigent circumstances. See e.g., United States v. Markham, 844 F.2d 366, 369 (6th Cir.), cert. denied [488 U.S. 843], 109 S.Ct. 116, 102 L.Ed.2d 90 (1988) (‘the Carney majority held that whenev *925 er a vehicle is readily capable of use on public roads, the automobile exception is applicable’); United, States v. Bagley, 772 F.2d 482, 491 (9th Cir.[1985]) (in Carney, ‘the court makes clear that under the automobile exception, probable cause alone suffices to justify a warrant-less search of a vehicle lawfully parked in a public place, so long as the scope of the search is reasonable’), cert, denied, Bagley v. United States, 475 U.S. 1023, 106 S.Ct. 1215, 89 L.Ed.2d 326 (1985); State v. Isleib, 319 N.C. 634 [638], 356 S.E.2d 573, 576-77 (1987) (‘no exigent circumstances other than the motor vehicle itself are required in order to justify a warrantless search of a motor vehicle if there is probable cause to believe that it contains the instrumentality of a crime or evidence pertaining to a crime and the vehicle is in a public place’). See generally 3 W. LaFave, Search & Seizure § 7.2(b) at 37-41 (2d ed. 1987). This court adopted that position in Stanfield v. State, 529 So.2d 1053, 1060 (Ala.Cr. App.1988), holding that ‘generally, a vehicle may be searched on probable cause without a warrant and without a demonstration of any exigent circumstances other than its own inherent or ready mobility.’ See also Reid v. State, 888 So.2d 208, 209 (Ala.1980) (a pre-Carney case indicating that exigent circumstances for the warrantless search of a parked vehicle were created by the inherent mobility of the vehicle).”
Mewboum, supra, 570 So.2d at 810.
Therefore, the trial judge correctly denied the appellant’s motion to suppress the pistol as there was nothing illegal about the search of his car.
The appellant received a fair trial. Thus, his conviction is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.