FAULKNER, Retired Justice.
Wilhemena Hunter was convicted of unlawfully distributing cocaine in violation of § 13A-12-211, Code of Alabama 1975. She was sentenced to 10 years in the penitentiary-
Hunter’s arrest, indictment, and conviction resulted from an undercover drug operation by a Selma, Alabama, detective.
An officer in the undercover operation was introduced to the drug community by a confidential informant. In turn, the officer made drug buys. Over an eight-day period, more than 50 drug purchases were made by the officer.
On June 22, 1989, the undercover officer and the informant went to Hunter’s residence. Once there, the informant went up to Hunter, who was sitting on her porch. The officer was left out of hearing range — a few feet from her. After speaking with Hunter, the informant left her and entered into a conversation with another person at the end of the porch, some 10 to 15 feet away.
Hunter showed crack cocaine to the officer and stated to him that “it was good stuff.” The officer paid Hunter $20.00 for the cocaine and left Hunter’s residence. Subsequently, he marked it for identification.
On appeal Hunter asserts error because the trial court denied her motion to discover the identity of the informer after she raised the question of misidentification.
Hunter testified in her own behalf and denied even seeing the informer, and denied selling him, or any other person, any drugs. She asserts that once she raised the question of misidentification, she was entitled to obtain the identification of the informer, as he had been an active partid-, pant in the drug transaction.
Hunter did not move to discover the identity of the informant until during the cross-examination of the undercover officer. Her counsel made the request that “at this time I would like to request that the State *626 make the identity of that informant known to the defendant so that we might possibly call him as a witness.” There was no request for identity of the informant before trial. The discovery motion filed by Hunter before trial consisted of the following:
“1. Any and all statements of any other person made in connection with the investigation of this case and which implicates the defendant.
“2. The substance of any and all non-recorded oral statements of the defendant or of any other persons which are material to the investigation or prosecution of this case.
“3. All other evidence processed by the State which may relate to the case.
“4. The names of, where names are unknown, the description of, all persons interviewed, interrogated, questioned or sought in connection with the investigation or prosecution of this case.”
This court in Lightfoot v. State, 531 So.2d 57 (Ala.Crim.App.1988), set forth the rules for disclosing the identity of informants by citing Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), 33 Am.Jur.P.O.F.2d 549 Criminal Law: Need for Disclosure of Identity of Informant, Self v. State, 420 So.2d 798 (Ala.1982), and United States v. Diaz, 655 F.2d 580 (5th Cir.1981), cert. denied, 455 U.S. 910, 102 S.Ct. 1257, 71 L.Ed.2d 448 (1982).
By affirming the judgment in the instant case, we agree with the holding in Diaz, i.e., “[i]f the confidential informant’s identity was as crucial to the appellant’s defense as she contends on appeal, we are unable to understand why she was not more diligent in seeking disclosure.”
The informant in the ease before us was nothing but a passive observer — if, indeed, he was an observer; the evidence showed that he was 10-15 feet away from Hunter when the transaction took place — and, in such a case, the identity of the informant has not been required, even though a timely and proper request has been made. Lightfoot. See also, Johnson v. State, 455 So.2d 997 (Ala.Crim.App.1984).
AFFIRMED.
All the Judges concur.