TYSON, Judge.
Elmer Junior Riley was indicted for the unlawful distribution of a controlled substance in violation of § 13A-12-211, Code of Alabama 1975. The jury found Riley guilty as charged in the indictment, and he was sentenced to five years’ imprisonment. He appeals.
The appellant does not challenge the sufficiency of the evidence and, thus, we need not recite the facts of this case. The only issue raised on appeal concerns the court’s failure to grant the appellant’s motion for new trial based on alleged juror misconduct. The following evidence was taken at the hearing on the motion for new trial.
On June 25, 1990, a jury was struck in this ease following voir dire examination of the venire by the trial court. For some reason, the case was not tried until July 13, 1990. During the interim period between June 25 and July 13, one of the jurors, *1164 B.H., learned that her stepson, who was in college and did not live at home with her and her husband, was “in trouble” with the district attorney’s offices of Tallapoosa County and Lee County for the unauthorized use of an airplane. At this point, B.H. went to her stepson’s attorney and asked the attorney if she should remain on the jury because she remembered that “in the judge’s instructions to the jury he said if there were any sort of felony in your background as far as a relative or something like that that you should not be on the jury.” Her stepson’s attorney told her that she did not see a problem because B.H.’s stepson had not been convicted of. anything.
B.H. testified that she never told the judge or the prosecutor about her stepson and that she did not know about his prosecution until after she had already been chosen to serve on the jury. She also stated that she did not know prior to trial that the defense counsel’s firm represented the company that owned one of the airplanes which her stepson had allegedly misused. B.H. stated that her verdict was not influenced in any way by the knowledge that her stepson was being prosecuted or that a member of defense counsel’s firm represented a complainant against her stepson.
Defense counsel first learned of this problem prior to the trial when the prosecutor brought this matter to his attention after the two alternate jurors had been dismissed. When defense counsel brought this matter to the attention of the trial judge, the trial judge instructed him to bring the matter up in a post-trial motion. Following trial, defense counsel made a motion for new trial. After listening to the evidence at the hearing on the motion for new trial, the trial judge denied the motion.
The appellant contends that the trial judge erred by refusing to grant his motion for a new trial because he was entitled to “true and honest answers to voir dire questions” from B.H. and to “information that would show [B.H.’s] bias or prejudice.” (Appellant’s brief, p. 10.) We disagree.
“Certainly, we recognize that parties have a right to have questions answered truthfully by prospective jurors to enable wise and informed exercise of their peremptory strikes and that when jurors fail to answer questions correctly, the parties are denied the exercise of that right.” Parish v. State, 480 So.2d 29, 30 (Ala.Crim.App.), cert. denied (Ala.1985). However, our review of the voir dire examination and the circumstances of this case convinces us that B.H. did not falsely answer any question which she was asked during voir dire. B.H. was not aware that her stepson was going to be prosecuted by the Tallapoosa County District Attorney’s Office prior to the time she was selected for this jury. When she learned that her stepson was in trouble, she immediately sought advice from an attorney as to whether she should inform the judge of this matter, and she was assured that it was not necessary to alert the judge of this matter. Furthermore, she did not know prior to trial that a member of the defense counsel’s law firm represented one of the complainants against her stepson. The prosecutor promptly notified defense counsel before trial when he learned that B.H.’s stepson was to be prosecuted by the district attorney’s office and that a member of defense counsel’s firm represented a complainant against B.H.'s stepson. We conclude that B.H. did not intentionally withhold information concerning her stepson’s case or give a false answer to any question asked of her during voir dire because she did not have any information pertaining to her stepson’s impending prosecution at the time of voir dire examination. Hurley v. State, 568 So.2d 359 (Ala.Crim.App.), cert. denied (Ala.1990).
Moreover, “ ‘the proper inquiry for the trial court on motion for new trial, grounded on allegedly improper responses or lack of responses by prospective jurors on voir dire, is whether this has resulted in probable prejudice to this movant.’ ” Warrick v. State, 460 So.2d 320, 325 (Ala.Crim.App.1984), quoting Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970). See also Hurley v. State, 568 So.2d 359 (Ala.Crim.App.), cert. denied (Ala.1990). “ ‘[T]he question *1165 of prejudice is a matter primarily within the trial court’s discretion; absent a clear showing of an abuse of that discretion, its ruling on the matter will not be reversed.’ ” Hurley, 568 So.2d at 361, quoting Alabama Gas Corp. v. American Furniture Galleries, Inc., 439 So.2d 33 (Ala.1983). Here, there was absolutely no abuse of discretion.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.