Alfonzo Dority was indicted for trafficking in cocaine in violation of § 13A-12-231, Code of Alabama 1975. He was found guilty of the lesser included offense of possession of cocaine and was sentenced to 16 years in prison. The appellant raises five issues on appeal.
The record reveals that Deputy Tim Greene of the Houston County Sheriff's Department received information from a confidential informant on May 2, 1989, that "Carl", "Charlie", "Fonzie" and an unnamed black female would be arriving at 607 Virginia Drive, Dothan, Alabama, in a black Subaru automobile with Florida a license plate. The informant told him that they would have cocaine in the vehicle and that cocaine would also be in the house. Greene and another deputy put the house under surveillance. Approximately 45 minutes later, a black Subaru with a Florida license plate drove up to the house and the three black males got out of the car and *Page 975 
went into the house. The men returned to the car approximately 20 minutes later.
The officers followed the car and eventually pulled it over. Greene testified that the car did not stop immediately and he saw erratic movement in the car. When Greene shined his flashlight in the front of the car he saw a partially smoked, handrolled cigarette that he believed to be marijuana. The cigarette was in the ashtray, which was open. The occupants of the car were arrested. No drugs were found on the appellant. An analysis that was later conducted on the cigarette revealed that it was not marijuana.
Greene was given permission by the driver, Charlie Jenkins, to drive the car to the county jail. A more thorough search of the car was conducted when they arrived at the jail. Greene found 20 pieces of crack cocaine and $200 underneath the covering of the gearshift housing on the console between the driver's side and the passenger's side. The drugs and money were found in the passenger's side of the console where the appellant had been sitting. The appellant told Greene that the money belonged to him. He also told Greene that he usually hid money under the console when he traveled.
After obtaining a search warrant, the police conducted a search at 607 Virginia Drive. Two women were in the house. The deputies found crack cocaine, $320 in currency, luggage with men's clothes in it, and a prescription bottle with the appellant's name on it in one of the bedrooms. They also found marijuana on top of the chest of drawers in that bedroom and two guns under the mattress. A can used for smoking crack was found in another bedroom.
The appellant testified that Charlie, Carl, and Janice came by his house in St. Petersburg, Florida, in a black Subaru at approximately 10:00 a.m. on May 2, 1989. They were in Charlie's girlfriend's car. He rode with them to Dothan, Alabama. They arrived in Dothan at 10:00 p.m. and went to Virginia Drive and Charlie, Carl, Janice, and he got out of the car. Two females were in the house. He did not know them and just stood at the door. He then left with Charlie and Carl to get something to eat. He testified that he did not have any cocaine with him, that he did not see anyone in the car with cocaine, and that he did not see any cocaine in the car. He further testified that he did not know who owned the house on Virginia Drive and that he never saw any cocaine in the house. He also testified that he had approximately $210 with him when he left St. Petersburg. He used some money to buy snacks, so he had approximately $200 when he arrived in Dothan. He testified that he put the money under the mat on the front passenger side of the car and that he did not move the money to the console. He testified that he told Greene that the money belonged to him and he further testified that the money was his.
 I
The appellant first contends that the trial court erred in failing to grant his motion to dismiss alleging that he was denied a speedy trial. The record reveals that the appellant was indicted on August 11, 1989, and that his trial occurred on March 19, 1990.
The factors to be weighed in determining whether a defendant has been denied a speedy trial are the " '[l]ength of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant.' " Arnett v.State, 551 So.2d 1158, 1159 (Ala.Crim.App. 1989) (quotingBarker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192,33 L.Ed.2d 101 (1972)). An examination into the latter three factors is not required unless the length of the delay is "presumptively prejudicial." Arnett; Wade v. State,381 So.2d 1057 (Ala.Crim.App.), cert. denied, 381 So.2d 1062
(Ala. 1980). We have carefully reviewed the case history in this matter and find that the seven-month delay was not presumptively prejudicial. See, e.g., Mitchell v. State,530 So.2d 908 (Ala.Crim.App. 1988); Cofer v. State, 440 So.2d 1116
(Ala.Crim.App.), rev'd on other grounds, 440 So.2d 1121
(Ala. 1983). *Page 976 
We note that the case was continued on one occasion because it was not reached on the docket and on another occasion because the appellant's attorney had filed a motion to withdraw. New counsel was promptly appointed. There was no attempt by the State to delay the trial. Furthermore, the appellant has failed to show that he was prejudiced by the delay. Dykes v. State, 452 So.2d 1377 (Ala.Crim.App. 1984);Cofer.
 II
The appellant argues that the trial court erred in denying his motion to suppress the evidence obtained during the warrantless search of the car. He apparently argues that the search was illegal because exigent circumstances no longer existed once the car was taken to the county jail. Thus, he argues, at that time the deputies were required to obtain a search warrant. We disagree.
We initially find that there was probable cause to search the car. Furthermore, the deputies were not required to obtain a search warrant once the car was taken to the jail. Florida v.Meyers, 466 U.S. 380, 104 S.Ct. 1852, 80 L.Ed.2d 381 (1984) (warrantless search of car was constitutional even though car was impounded and secured); Texas v. White, 423 U.S. 67,96 S.Ct. 304, 46 L.Ed.2d 209 (1975) (police officers with probable cause at scene could constitutionally search car later at station house without a warrant). See also Mewbourn v. State,570 So.2d 805 (Ala.Crim.App. 1990) (justification to conduct warrantless search of car did not vanish once car was immobilized); Cooper v. State, 480 So.2d 8
(Ala.Crim.App. 1985) (warrantless search of plane one to two hours after it was immobilized was legal search).
 "The post-1982 Supreme Court decisions have sent a clear and unmistakable signal: 'no warrant is needed even absent true exigent circumstances.' LaFave, 3 Search and Seizure §§ 7.3(a) at 79, 7.3(b) at 82. 'After [United States v.] Ross, [456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982)] . . . probable cause is sufficient in all instances to justify a warrantless search of a vehicle . . .' W. Ringel, Searches and Seizures, Arrests and Confessions § 11.3 (2d ed. 1987) (quoted in Robinette v. State, 531 So.2d [682] at 690) [Ala. Cr. App. 1987]. Taken together, Ross, [United States v.] Johns, [469 U.S. 478, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985).] and [California v.] Carney, [471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406
(1985)] are 'grounded primarily on a "lesser expectation of privacy" theory and abandon[ed] even the pretense of exigent circumstances attributed to the continued mobility of the vehicle.' LaFave, 3 Search and Seizure, §§ 7.2(b) at 38, 7.2(d) at 63.
 "Upon this authority, we hold, generally, a vehicle may be searched on probable cause without a warrant and without a demonstration of exigent circumstances other than its own inherent or ready mobility. The exception to this general rule applies when the vehicle is located on premises where the defendant has a legitimate expectation of privacy."
Stanfield v. State, 529 So.2d 1053, 1060 (Ala.Crim.App. 1988). Because the challenged evidence was seized through a legal search, the trial court did not err in denying the appellant's motion to suppress.
 III
The appellant next contends that the trial court erred in admitting the marijuana, the guns, and the crack can found in the house because those items constituted evidence of collateral crimes. The appellant failed to object to the testimony concerning the marijuana, the guns, and the crack can. His first objection was made when the exhibits were offered into evidence at the close of the State's case and the appellant did not move to exclude the earlier testimony. Thus, this issue has not been preserved for review. See, e.g., Moorev. State, 474 So.2d 190 (Ala.Crim.App. 1985); Bland v. State,390 So.2d 1098 (Ala.Crim.App.), cert. denied, 390 So.2d 1109
(1980), cert. denied, 451 U.S. 991, 101 S.Ct. 2332,68 L.Ed.2d 851 (1981). Even if the objection at the close of the State's evidence had been sufficient to preserve this issue for review, the evidence to which the objection was made was of the same *Page 977 
nature as, and no more objectionable than, the previous testimony concerning the results of the search and thus was certainly not harmful to the appellant. Bland. Furthermore, the challenged evidence was admissible to show the whole story. SeeMoore v. State, 457 So.2d 981 (Ala.Crim.App. 1984), cert.denied, 470 U.S. 1053, 105 S.Ct. 1757, 84 L.Ed.2d 820 (1985). The evidence was relevant to the charge of trafficking in cocaine as part of the same transaction and therefore part of the res gestae. Durden v. State, 394 So.2d 967
(Ala.Crim.App. 1980), cert. quashed, 394 So.2d 977 (Ala. 1981); Morrow v.State, 52 Ala. App. 145, 290 So.2d 209 (1973), cert. denied,292 Ala. 743, 290 So.2d 213, cert. denied, 419 U.S. 853,95 S.Ct. 97, 42 L.Ed.2d 85 (1974).
 IV
The appellant next contends that the trial court erred in admitting the cocaine into evidence because the State failed to prove a sufficient chain of custody. He specifically argues that the failure of the circuit clerk to testify as part of the chain of custody constituted a fatal missing link. We disagree.
Deputy Greene testified that he initially brought the items to the trials of the appellant's codefendants. After the trials, the items were kept in the circuit clerk's office. He stated that he obtained the evidence from the circuit clerk prior to the appellant's trial. He further testified that the items were in the same condition as when he last saw them during the earlier trials. He also testified that they were in the same condition as when he first sealed them on the date on which they were seized, with the exception of markings on the envelopes made by the crime lab.
 " 'The purpose of requiring that the chain of custody be shown is to establish to a reasonable probability that there has been been no tampering with the evidence. Williams v. State, 375 So.2d 1257 (Ala.Cr.App.), cert. denied, 375 So.2d 1271
(Ala. 1979); Tate v. State, 435 So.2d 190
(Ala.Crim.App. 1983); Smith v. State, 446 So.2d 68
(Ala.Cr.App. 1984)
 "The evidence need not negate the most remote possibility of substitution, alteration, or tampering with the evidence, but rather must prove to a reasonable probability that the item is the same as, and not substantially different from, the object as it existed at the beginning of the chain." Slaughter v. State, 411 So.2d 819, 822
(Ala.Cr.App. 1981) (emphasis supplied).' "
Ex parte Williams, 505 So.2d 1254, 1255 (Ala. 1987) (quoting this court in Williams v. State, 505 So.2d 1252 at 1253 (Ala.Cr.App. 1986). "A weak link in the chain of custody presents a question of credibility and weight for the jury rather than a question of admissibility." Holton v. State [Ms. 89-1114, November 30, 1990], 1990 WL 237230 (Ala.Crim.App. 1990).
The failure of the circuit clerk to testify constituted a weak link rather than a missing link in the chain of custody.See, e.g., Ex parte Williams, 548 So.2d 518 (Ala. 1989); McCrayv. State, 548 So.2d 573 (Ala.Crim.App. 1988).
 V
The appellant finally contends that the evidence is insufficient to sustain his conviction because the State failed to prove that he possessed cocaine. We disagree.
"Proximity to illegal drugs, presence on the property where they are located, or mere association with persons who do control the drugs may be sufficient to support a finding of possession when accompanied with testimony connecting the accused with the incriminating surrounding circumstances."German v. State, 429 So.2d 1138, 1142 (Ala.Crim.App. 1982). The kinds of circumstances which connect a defendant with the contraband are unlimited and depend on the facts of each case.Spears v. State, 500 So.2d 96 (Ala.Crim.App. 1986). " 'Where drugs are found on premises of which the defendant was in nonexclusive possession, the fact that they were found among or near his personal belongings may be a circumstance which is sufficient to link him with possession of those drugs.' "McGruder v. State, 560 So.2d 1137, 1140 (Ala.Crim.App. 1989) (quoting *Page 978 Gary v. State, 473 So.2d 604, 605 (Ala.Crim.App. 1985)).
"The standard in reviewing the sufficiency of the evidence is not whether in our opinion the evidence and all reasonable inferences therefrom failed to exclude every hypothesis other than guilt, but rather whether there was evidence from which a reasonable jury might reasonably so conclude." Jones v. State,432 So.2d 5, 8 (Ala.Crim.App. 1983). The appellant admitted riding in the car from St. Petersburg to Dothan. There was evidence that he rode in the front passenger's seat. The cocaine was found on the passenger's side of the console along with $200 in cash. The appellant admitted that the money belonged to him. Officer Greene testified that the appellant stated that he had put the money in the console. We find that the evidence is sufficient to support the conviction. See,e.g., Molina v. State, 533 So.2d 701 (Ala.Crim.App. 1988),cert. denied, 489 U.S. 1086, 109 S.Ct. 1547, 103 L.Ed.2d 851
(1989); Spears.
For the reasons set forth above, this case is due to be, and hereby is, affirmed.
AFFIRMED.
All the Judges concur.