BOWEN, Presiding Judge.
Jerry Anthony Cayson, the appellant, was convicted for trafficking in cocaine. He was sentenced to life imprisonment without the possibility of parole as a habitual felony offender with three prior felony convictions. He raises three issues on this direct appeal from that conviction.
I.
The appellant argues that he was denied the effective assistance of trial counsel and that his motion for a new trial should have been granted. A summary of the procedural events in this case is necessary for an understanding of this issue.
June 8, 1992 — Attorney Winston Durant was appointed to represent the appellant. June 9, 1992 — The appellant’s retained trial counsel, Bruce Maddox, filed a motion to withdraw on the ground that the appellant was “unable to carry out the terms of the employment contract.” CR. 21.
June 24, 1992 — Durant filed a motion for discovery on behalf of the appellant.
June 30, 1992 — Durant filed a motion to suppress.
July 9, 1992 — The appellant was tried and convicted by a jury.
July 23, 1992 — The appellant was sentenced by the trial court.
July 27, 1992 — Durant filed a motion to withdraw on the ground “[t]hat counsel and the defendant are at severe odds as to how to proceed in appealing the above case.” CR. 25.
July 29, 1992 — A letter written by the appellant to the trial judge was marked received this date. This letter was apparently treated as a pro se motion for new trial. In that letter the appellant requested a new trial and expressed his dissatisfaction with trial counsel Durant on the grounds that Durant did not have time to prepare and did not tell him “what statement the police made.” The appellant also stated that he “would like to appeal this case. With a better lawyer who would take time with this case.” CR. 20. The record contains no ruling on the “letter/motion.”
August 3, 1992 — The trial court granted the motion to withdraw filed by Durant. August 6, 1992 — The trial court appointed David Flack to represent the appellant on appeal.
September 28, 1992 — Notice of appeal was filed.
December 9, 1992 — The appellant filed a pro se motion titled “delayed motion for new trial and motion for an evidentiary hearing and motion to delay appeal until trial transcript is prepared.” The record contains no ruling on this motion.
The appellant’s letter of July 29,1992, is ambiguous as to whether it should be considered a motion for new trial or a notice of appeal. At any rate, we do not consider it sufficient to place the trial court on notice that the appellant was raising the claim of ineffective assistance of counsel now presented on appeal. The grounds of counsel’s alleged ineffectiveness raised on appeal are not the grounds asserted in the appellant’s letter. The appellant’s “delayed motion for new trial” was filed well beyond the permissible time for filing a motion for new trial. See Rule 24.1(b), A.R.Crim.P.
In Ex parte Jackson, 598 So.2d 895, 897 (Ala.1992), the Alabama Supreme Court “[ijnitially, ... reaffirm[ed] the principle that ‘“claims of ineffective assistance of counsel may not be considered for the first time on direct appeal.” ’ ” However, that Court went *1110 on to fashion a procedure whereby newly appointed appellate counsel could toll the 'time for the filing of a motion for new trial, review the transcript of the trial proceedings, and then file a motion for new trial. This procedure was specifically designed to provide “the means to raise all appropriate issues before the trial court.” Jackson, 598 So.2d at 897. That case was initially decided on February 28, 1992, and was modified on application for rehearing on May 8, 1992. Thus, at the time present appellate counsel was appointed, there existed a procedure whereby the issue of the ineffective assistance of trial counsel could have been properly preserved and presented to the trial court. That procedure was not followed in this case.
This was a relatively simple and straight forward ease. There was no request for a continuance of the trial. Attorney Durant was granted discovery and his motion to suppress .was heard immediately prior to trial. Although this Court “has authority to remand a case, if it determines justice would require it, to the trial court for a determination to be made on the defendant’s claim that he was inadequately represented at his trial,” Thompson v. State, 525 So.2d 820, 831 (Ala.1985) (emphasis in original), this does not appear to be such a ease.
II.
We reject the appellant’s claim that the evidence is insufficient to support his conviction.
Crack cocaine with a total weight of 34.4 grams was discovered in an automobile driven by the appellant. The appellant had borrowed the car, which belonged to his sister. The crack cocaine was located in the glove compartment and under the arm rest in the front seat. On the “hump” between the driver and the passenger sides of the front seat was a “tote bag” that contained rolling papers, razor blades, $711 in U.S. currency, and $100 worth of food stamps. A loaded .25 caliber semiautomatic handgun was located under the driver’s side floormat.
The controlling principles are:
“[T]he mere presence of a defendant in an automobile containing contraband is not sufficient in and of itself to support a conviction for possession of a controlled substance. ... The State must introduce additional evidence from which the defendant’s unlawful possession of the contraband could be inferred in order to support a conviction. ... Knowledge of the presence of the controlled substance by the defendant must also be established beyond a reasonable doubt.”
Ex parte Story, 435 So.2d 1365, 1366 (Ala.1983). The appellant’s guilty knowledge may be supplied by circumstantial evidence. See Robinette v. State, 531 So.2d 697, 698-99 (Ala.1988). “The kinds of circumstances which connect a defendant with the contraband are unlimited and depend on the facts of each case.” Dority v. State, 586 So.2d 973, 977 (Ala.Cr.App.1991).
The facts and circumstances of this case that provide the reasonable inference that the appellant knowingly was in possession of the crack cocaine found in his sister’s automobile are: the appellant was in exclusive control and possession of the automobile at the time the cocaine was found; the appellant was traveling at a rate of 70 m.p.h. in a 50 m.p.h. zone; the appellant failed to stop although being pursued by police vehicles using emergency lights and sirens; after, but not before, the emergency police lights were activated, the appellant was observed making movements toward the glove compartment and reaching under the seat “in a suspicious manner”; once stopped, the appellant was reluctant to get out of his car and initially refused to do so; as the officers approached the parked car, the appellant was reaching toward the floorboard of the driver’s side in a manner that led the officers to suspect that “he was attempting to hide or conceal something”; cocaine was located in the glove compartment and a handgun was discovered under the floormat on the driver’s side of the car; a large amount of money was discovered in a bag on the front seat of the car; and $210 was located on the appellant’s person. The combination of these circumstances provide the evidence necessary to support the appellant’s conviction. “The appellant’s knowledge of the presence of drugs may be established by circumstantial evidence.” *1111 Reed v. State, 368 So.2d 326, 328 (Ala.Cr.App.1979). See also Finch v. State, 553 So.2d 685, 687-88 (Ala.Cr.App.1989).
III.
We summarily reject the appellant’s argument that the police had no authority to search the glove compartment of his vehicle. See Head v. State, 577 So.2d 923 (Ala.Cr.App.1990), cert. denied, 577 So.2d 925 (Aa.1991). “The need to protect police and others justifies protective searches when police have a reasonable belief that the suspect poses a danger. Roadside encounters between police and suspects are hazardous, and danger may arise from the possible presence of weapons in the area surrounding a suspect.” Ex parte Carpenter, 592 So.2d 627, 631 (Ala.1991).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.