The appellant, Cornelius Antonio Sanders, was indicted by the Jefferson County grand jury for distributing cocaine, in violation of § 13A-12-211, Code of Alabama 1975. A jury found the appellant guilty as charged in the indictment. The appellant was sentenced to two years' imprisonment. That sentence was enhanced by five years' imprisonment pursuant to §13A-12-250, Code of Alabama 1975, because the sale occurred within a three-mile radius of a school.
The evidence presented at trial tended to show the following. Jerroll Richardson, an undercover police officer, and an informant named "Jerry" went to a residence in Jefferson County where Richardson was introduced to Sanders. Richardson observed Sanders seated near a table separating a white powder. Richardson also saw a .357 magnum pistol on the table near Sanders.
Richardson told Sanders that he wanted to purchase $150.00 worth of cocaine. Sanders, Richardson and another individual in the residence went outside where Richardson gave Sanders $150.00. Sanders told Richardson that he should come back later that evening to get the cocaine. Later that same evening, Richardson and the informant met Sanders in a motel room. Once there, another individual brought a package to Sanders. Sanders handed the package to Richardson. The substance in the package was later tested and determined to be cocaine.
 I
Sanders argues that the trial court erred by refusing to order the district attorney to provide him with the name and address of the informant who was present when the undercover officer first met Sanders and who went with him to the motel. We find the trial court did not err.
The officer testified that the informant was with him when he went to the residence and to the motel to meet Sanders. However, the officer knew only the informant's first name and had no other information about the informant or his address. The trial court allowed defense counsel to cross-examine the officer concerning any information that the officer had about the informant. However, the officer testified under oath that he had no additional information. The district attorney prosecuting the case stated on the record that he had no information about the informant other than that provided by the officer. Thus, any further identification and the address of the informant could not be provided by the district attorney.
The Alabama Supreme Court has held that "if a confidential informer is a material witness, i.e., an active participant in the illegal transaction which leads to the charges brought against the accused, then the accused is entitled to learn from the State the identity of the confidential informant and his address." Self v. State, 420 So.2d 798, 800 (Ala. 1982) (citingRoviaro v. United States, 353 U.S. 53, 77 S.Ct. 623,1 L.Ed.2d 639 (1957)).
However, this Court finds that there has been no violation of the disclosure requirement set forth in Roviaro. In Johnson v.State, 455 So.2d 997, 999 (Ala.Crim.App. 1984), this Court held that the State was not required to produce the name and address of an informant when the undercover officer testified that she did not know the informant's name, that the informant merely accompanied her to the drug transaction, and that the informant had introduced her to the accused. The facts surrounding the informant in this case are similar to those inJohnson.
The State is not required to produce the name and address of the informant if the informant is not an active participant in the illegal transaction that led to the charges against the accused. In Lightfoot v. State, 531 So.2d 57, 59-60
(Ala.Crim.App. 1988) (citations omitted), we stated:
 "In cases . . . in which the informant has introduced the undercover law enforcement officer to the accused and then has only witnessed the drug sale between the *Page 717 
officer and the accused, this Court has characterized the informant as a passive observer. In such cases, the disclosure of the informant's identity has not been required even where there has been a proper and timely request."
It appears from the record that the informant in this case merely travelled with the undercover agent to the sites where money was paid and where the cocaine was obtained. The record does not reflect that the informant actively participated in the crime itself. Therefore, the informant was a passive observer and his identity need not have been disclosed.Hunter v. State, 575 So.2d 625 (Ala.Crim.App. 1991); Quallsv. State, 555 So.2d 1158 (Ala.Crim.App. 1989); Lightfoot.
Even assuming that the informant was more than a mere passive observer, we have held that the "State is only obligated to furnish the accused with information that is presently within the possession and control of the State." Alleyne v. State,568 So.2d 305, 307 (Ala.Crim.App. 1989) (citing Self v. State). As we have noted previously, the undercover agent and the district attorney had no further information to provide to the accused.
 II
The appellant further asserts that the trial court erred in permitting testimony regarding the accused's possession of a weapon during the alleged crime. Specifically, the appellant asserts that because the State did not charge him with an offense relating to possession of a firearm, any evidence concerning the firearm was not relevant and was offered only to inflame the jury. We find no error.
Evidence is relevant if it has probative value, regardless of how slight, upon a matter in issue. Mitchell v. State,473 So.2d 591 (Ala.Crim.App. 1985). The determination of whether evidence is relevant rests within the sound discretion of the trial court and that determination will not be disturbed on appeal unless the trial court clearly abused its discretion.Primm v. State, 473 So.2d 1149 (Ala.Crim.App. 1985). We hold that the trial court properly admitted the testimony with regard to the weapon as part of the res gestae of the offense.Dority v. State, 586 So.2d 973, 977 (Ala.Crim.App. 1991). InDority, the accused was charged with trafficking in cocaine. This Court held that testimony concerning marijuana, guns, and a "crack can" was relevant to the charge as part of the res gestae. Id.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.